WILL OF CUDAHY: CUDAHY and another, Executors, Appellants, vs. FIRST WISCONSIN TRUST COMPANY, Trustee, Respondent.*

*June 10—July 1, 1947.*

* Motion for rehearing denied, with $25 costs, on October 15, 1947.

For the appellants there were briefs by *Whyte, Hirschboeck & Minahan* of Milwaukee, and oral argument by *Herbert C. Hirschboeck*.

For the respondent there was a brief by *Wood, Warner, Tyrrell & Bruce* of Milwaukee, and oral argument by *Richard H. Tyrrell*.

RECTOR, J.   The first question is whether the direction for payment of debts, funeral expenses, and inheritance, estate and succession taxes by the executors was intended to require payment of the Wisconsin inheritance tax imposed upon specific devises and bequests, out of the residue of the estate.   The effect of such direction would be to free the specific legatees and devisees from payment of the taxes imposed upon their legacies and devises and to diminish the residuary estate by the amount of these taxes.   There is no specific direction to pay out of the residue as in the case of *Estate of Levalley* (1926), 191 Wis. 356, 210 N. W. 941, but we are of the view that the testator so intended.   The instruction as to payment of debts, funeral expenses, and taxes is followed by specific bequests and devises —exercise of the power of appointment—and art. VII which disposes of "all the rest, residue and remainder of my estate." Direction for payment of the tax, accompanied as it is by the direction to pay debts and funeral expenses which in any case are payable before computation of the residue, followed by disposition of the residue, indicates that the testator intended to dispose of the residue subject to diminution by these items. Other courts have so held.   *Starr v. Watrous* (1933), 116 Conn. 448, 165 Atl. 459; *Righter v. Fidelity Union Trust Co.* (1932) 110 N. J. Eq. 169, 159 Atl. 393.   See also cases collected at 51 A. L. R. 484, 115 A. L. R. 920, 116 A. L. R. 862, and 141 A. L. R. 852.

We come now to a very difficult problem.   Did the testator intend that the executors should pay the Wisconsin inheritance tax attributable to the transfer of his interest in the trust estate and to absolve the trustee of such payment?

Ascertainment of the testator's intent must be approached with due regard for the decisions of the county and circuit courts concerning the liability of the trustee for payment of inheritance taxes.   Such liability had been adjudicated in the case of two predeceased settlors and with reference to such taxes as might thereafter accrue upon the death of other set-

tlors. The testator was of course aware of this when he prepared his will.

Sec. 72.01 (5), Stats., provides that both the exercise and the nonexercise of a power of appointment by a donee shall result in a taxable transfer in the·same manner as though those taking by reason of the exercise or default had taken by devise or bequest under a will of the donee. The subsection is devoted solely to the matter of a taxable transfer. It does not purport to say that such property actually passes under a will. Obviously it could not do so where there is no will.

Did the instruction of the testator to the executors to pay inheritance taxes require that the executors pay taxes upon property passing not by the will but by the trust agreement in which provision for payment of such taxes existed? It is true that the direction was not expressly limited to property passing by the will, but we are persuaded that it was impliedly so limited. In addressing himself in the will to payment of inheritance taxes, the testator intended that the specific devises and bequests should not be burdened with payment of such taxes attributable to them. There could be no other purpose in the provision. However, provision already existed in the trust agreement for the payment by the trustee of such taxes accruing upon the transfer of his interest in the trust. There would be no occasion for directing payment by the executors in order to absolve the recipients of that interest from the burden of the tax.

We see no reason why the direction to the executors should be construed to include the payment of inheritance taxes upon property not passing under the will. The will disposed of property and made provision for payment of taxes thereon. The trust disposed of property and made provision for payment of taxes thereon. There would have been no occasion for a direction to the executors to pay the tax on the transfer of the testator's interest in the trust unless it had been intended to benefit the trust at the expense of his residuary estate.

There is no intent otherwise manifest in the will to provide for the beneficiaries of the trust estate. And such an intent should not be spelled out of the direction to pay taxes where it will result in diminishing the estate of those for whom the testator clearly intended to provide.

It is argued that the language directing the executors to pay "all" inheritance, estate and succession taxes is unambiguous and includes all taxes, whether accruing under the will or otherwise. The direction to pay is clear enough, but the taxes included are not. The language "all inheritance taxes" could mean all taxes arising by reason of the testator's death or it could mean all taxes arising out of legacies and devises under the will. In view of what we have said we construe it to mean the latter. There is a collection of cases in 51 A. L. R. 484; 115 A. L. R. 920; 116 A. L. R. 862; and 141 A. L. R. 852, to which reference has been made, dealing with problems similar to this one. While determination of the question depends in any case upon the peculiar language of the direction for payment of the taxes and upon other attendant facts and circumstances, it may be said that in construing such directions the decisions generally are inclined to limit them to property passing by will and to exclude property passing from the testator under the terms of an *inter vivos* trust.

The respondent contends that the adjudication of the county court that the trustee should pay out of trust income inheritance taxes accruing upon the death of settlors has no application. It is argued that the trustee was adjudged liable only for such inheritance taxes upon the death of settlors as it was by law obligated to pay. It is then said that where the testator directs the executors to pay all inheritance taxes the trustee is not obligated by law to pay them. The provision in the judgment was intended to conform the liability of the trustee to the provision of the trust agreement that it should pay out of income all taxes which it was required by law to pay. Taxes required or obliged to be paid by law refer to impositions made by law.

Assuming the testator's estate had been insolvent, it could hardly be said that an obligation fixed by law on the trustee could have been avoided by a specific direction to the executors to pay inheritance taxes. The county court clearly intended to fix the trustee's liability to pay out of income the taxes imposed upon it by statute.

It has not been determined whether there will be a federal estate tax upon the transfer of the testator's interest in the trust estate. We express no view upon that matter. *Estate of Britt* (1946), 249 Wis. 602, 26 N. W. (2d) 34.

*By the Court.*—Judgment and order reversed, and cause remanded with directions for further proceedings in conformance with the opinion.