ESTATE OF JOAS: McGILLIVRAY and another, Appellants, v. LANGILL and another, Defendants: ROONEY, Respondent.

*April 5—May 1, 1962.*

490

For the appellants there was a brief by *Wiley & Devine* of Chippewa Falls, and oral argument by *Marshall A. Wiley*.

For the respondent the cause was submitted on the brief of *Stafford, Pfiffner & Stafford* of Chippewa Falls.

DIETERICH, J. Paragraph two of decedent's will relative to the payment of taxes refers only to property passing under the will. In the absence of a clear indication of contrary intent, the burden of paying the death taxes is left where the law places it. Anno. 37 A. L. R. (2d) 28. The language of paragraph two of decedent's will contains no reference to the joint property in question. No clear indication is revealed relative to the payment of death taxes on the joint property and the tax burden must therefore be left where the law has placed it.

Appellants, Catherine and Margaret McGillivray, contend that in Wisconsin, in the absence of testamentary direction to the contrary, the federal estate tax is paid out of the residuum. To sustain this point of view appellants rely primarily on two cases: *Will of Kootz* (1938), 228 Wis. 306, 280 N. W. 672, and *Will of Uihlein* (1953), 264 Wis. 362, 59 N. W. (2d) 641. Neither of the cases deals specifically with the problem at hand, but they do contain language which is applicable to the problem of taxing nontestamentary property. "The federal tax is an estate tax upon the whole estate." [1] *Will of Kootz, supra* (p. 312).

---

[1] *Estate of Stephenson* (1920), 171 Wis. 452, 456, 177 N. W. 579. "The statute contemplates but one estate for each decedent, else there would be little object in graduating the tax according to amount, for the estate could easily be split up into a number of gifts,

In *Will of Uihlein, supra,* this court said:

(p. 374) "This court in *Will of Kootz* . . . rejected the theory that our court should invoke its equity powers to achieve an apportionment of federal estate taxes which would prevent inequities."

(p. 376) "We deem that it would be unwarranted judicial legislation for this court to attempt to apportion the impact of the federal estate tax . . . . The legislature has the power to enact an apportionment of federal estate-tax statute providing for a different method of bearing the impact of federal estate taxes if it should determine the same desirable. However, three general sessions of the legislature have been held since congress amended the federal estate-tax statute so as to provide for the marital deduction, and to date our legislature has not seen fit to adopt such apportionment statute."

In Wisconsin the law has placed the burden of paying the federal estate tax on joint property on the residuum of the probate estate. Paragraph two of decedent's will has not shifted that burden, therefore the federal estate-tax burden must remain where it is.

The Wisconsin inheritance tax is not a tax upon property but upon the right to receive property.[2] Hence, the burden of the tax must rest upon the person receiving property unless the testator (or testatrix) has made some other provision in his (her) will. Paragraph two of decedent's will has not shifted the burden of the Wisconsin inheritance tax with respect to the nontestamentary joint property. Appel-

---

trusts, or wills and intestate property, and thus the graduated feature of the statute could be entirely defeated. . . . A deceased person can leave but one estate. All property owned by him at the time of his death is a part of his estate, . . . Such is the obvious scope and purpose of the law, such has been the administration under it, and such has been the construction given it by this court."

[2] *Nunnemacher v. State* (1906), 129 Wis. 190, 108 N. W. 627; *Estate of Cullen* (1939), 231 Wis. 292, 285 N. W. 759. Sec. 72.01, Stats., "Subjects liable." Sec. 72.05, Stats., "Lien." Sec. 72.07, Stats., "Executors; powers; collection; payment."

lants concede that they must pay a Wisconsin inheritance tax on the interest passing to them as surviving joint tenants.

Therefore, it necessarily follows that the order of the county court must be reversed and a proper order entered in accordance with this opinion.

*By the Court.*—Order reversed, with directions to enter an order in accordance with this opinion.