ESTATE OF BAUKNECHT: MARTINSON, Guardian *ad litem,* Appellant, v. KELLOGG-CITIZENS NATIONAL BANK, Trustee, and others, Respondents.

*No. 44. Argued December 4, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 238.)

For the appellant there was a brief by *Westring & Martinson* of Green Bay, and oral argument by *John E. Martinson.*

For the respondent Kellogg-Citizens National Bank the cause was submitted on the brief of *Wilmer & Surplice* of Green Bay.

HALLOWS, C. J.   Although the record in some respects is inconsistent and the tax order requiring the executor to deduct the tax on the marital trust from the principal of the trust is in conflict with the second opinion of the court, the ultimate issue to be decided is whether the will provides the Wisconsin inheritance tax assessed on the marital trust is not to be deducted from the assets of that trust but is to be paid out of the assets of the estate. The specific portions of the will relevant to the issue are: Sections 1.03, 1.04, and 1.07.[1]

---

[1] *"Section 1.03.* I devise and bequeath all the residue of my estate to the trustee hereinafter appointed to be held, administered and distributed as hereinafter provided."

*"Section 1.04.* If my wife, Lorraine Bauknecht, has survived me the trustee shall set aside, as of the date of my death, an amount from the property eligible for the marital deduction under the Internal Revenue Code received by the trustee under my will or through life insurance policies or otherwise equal to 50 per cent of my adjusted gross estate as finally determined for federal estate tax purposes, less, however, the amount of property passing to my wife under other provisions of this will or through life insurance policies or by operation of law or otherwise which has been included in my gross estate for federal estate tax purposes, to be held, administered and distributed as a separate trust for the benefit of my wife as hereinafter provided with respect to the

The guardian *ad litem* for the children contends the marital trust should not be relieved of the burden of paying the Wisconsin inheritance taxes assessed against it. The trustee argues that by the wording of the will it was the intention of the testator that his wife's trust should receive the maximum amount of money set aside for federal estate tax purposes undiminished by the Wisconsin inheritance tax. It is argued that in order to get the maximum federal marital deduction as directed by the language of sec. 1.04 of the will, the residuary trust must ultimately bear the state inheritance tax. The trial court agreed the language of secs. 1.04 and 1.07 was sufficient to show an intent by the testator to free the marital trust from the state inheritance tax. This view is based on the fact that the maximum marital deduction for federal tax purposes is 50 percent of the adjusted gross estate and inheritance taxes are not deductible from the gross estate in determining the adjusted gross estate. 26 USCA (IRC 1954), sec. 2056 (c) (1) and 26 CFR 20.2056 (b)–4(c). Thus the payment of inheritance tax by a marital trust reduces the amount of the trust which qualifies for the federal deduction.

Normally, the Wisconsin inheritance tax on a marital trust is chargeable to the trust. The inheritance tax is not a tax upon the right to give measured by the amount of the estate as is the federal estate tax but is a tax upon the right to receive and is determined for

---

Marital Trust. The remaining assets or if my wife has predeceased me, all the assets received by the trustee shall be held, administered and distributed as a separate trust as hereinafter provided with respect to the Residuary Trust."

"*Section 1.07*. I intend that the value for federal estate tax purposes of the property in the Marital Trust, whether passing into said trust under this will or otherwise, shall be available for the marital deduction allowed by the federal estate tax law applicable to my estate. All questions pertaining to this trust shall be resolved according to this express intention. . . ."

each gift according to relationship, rate, and amount although it is collected through the executor of the estate. *Nunnemacher v. State* (1906), 129 Wis. 190, 108 N. W. 627. By sec. 72.07, Stats., an executor is required to deduct the tax from the legacy before distribution. *Estate of Cullen* (1939), 231 Wis. 292, 285 N. W. 759. It has long been the basic rule in this state that the intention to shift this tax burden from a beneficiary to another person or to the estate must be expressed in clear language and in case of doubt as to the meaning of the will, the tax burden should be left where the law places it. *Will of Uihlein* (1953), 264 Wis. 362, 59 N. W. 2d 641; *Estate of Joas* (1962), 16 Wis. 2d 489, 114 N. W. 2d 831.

The shifting of the tax burden from one beneficiary to another is so important that it should not be left to implication. There are many reasons today in estate planning a tax burden should not be shifted to the residuary legatee. Circumstances of each case in the light of the testator's plan of distribution must be considered. This problem is clearly discussed in 1 Casner, *Estate Planning,* p. 818, and *see* for list of reasons, 1 Casner, *Estate Planning* (1970 Supp. to Vol. 1), p. 1086. The general view is that a will should contain specific provisions relating to the payment of taxes if it is intended that the tax burden should fall differently than as provided by law. *See* Annot., *Will—Provision Affecting Tax Burden,* 37 A. L. R. 2d 7, 28.

The language used by the testator in his will in sec. 1.04 to create the marital trust and to designate the amount thereof is the identical language used in sec. 2056 (c) (1), IRC, to state the maximum amount allowable as a marital deduction under the federal law. This language does not contemplate the effect of state inheritance taxes and speaks only in terms of federal estate taxes. Such language is insufficient to express an intention that the trust consisting of 50 percent of the

gross estate determined for federal estate tax purposes is not to be reduced by the payment of state inheritance tax thereon. Nor can we read sec. 1.07 with sec. 1.04 in such a way to increase the meaning of sec. 1.04. These facts are not like the *Will of Cudahy* (1947), 251 Wis. 116, 28 N. W. 2d 340, where only the inheritance tax burden attributable to legacies under the will was shifted from the respective beneficiaries to the estate by a direction in the will requiring the executor to pay debts, funeral expenses "and all inheritance, estate and succession taxes." Here, no such minimal direction in respect to tax payment is used on transfers under and outside of the will.

The language of the will is not clear and falls short of an expression of intent on such an important matter as shifting a tax burden. This case is a good example of the reason for the rule. The inheritance tax on a distributive share to the wife of approximately $136,500 was determined. This amounted to a tax of approximately $9,200 of a total tax of $9,600. According to the final judgment, the marital trust was approximately $43,500. Thus the inheritance tax on property which did not pass under the will as well as on the marital trust was required to be borne by the residuary trust in favor of the children who received in trust approximately $6,500 each.

If the maximum advantage of the federal marital deduction is to be obtained, lawyers have been advised a will should expressly provide that the state inheritance tax and the federal estate tax should be paid from the portion of the estate which does not qualify for the federal marital deduction. Eckhardt, *Workbook for Wisconsin Estate Planners*, ch. 5, p. 7, sec. 5 BO. 4.

*By the Court.*—Judgment and order reversed, and the cause remanded for further proceedings consistent with this opinion.