**The NORTHERN TRUST COMPANY and Mary G. Oppenheim, co-Executors of the Will of Hillard W. Marks, Deceased, Plaintiffs,**

v.

**Helen R. Spircoff BARON, Defendant.**

**No. 73C2967.**

United States District Court,
N. D. Illinois, E. D.

June 28, 1974.

---

Lieberman, Levy, Baron & Stone, Chicago, Ill., for plaintiffs.

Rubinelli & Rubinelli, Chicago, Ill., for defendant.

## MEMORANDUM

AUSTIN, District Judge.

This action was brought by the executors of a decedent's will to recover federal estate taxes they paid on life insurance proceeds received by the defendant who is also a beneficiary of $125,000.00 under the will. Earlier, defendant's motion to dismiss for lack of subject-matter jurisdiction was denied, since plaintiffs' claim arises from the Internal Revenue Code of 1954, § 2206.[1] *See* Order of January 15, 1974. Then, on April 17, 1974, judgment was entered in favor of the plaintiffs, declaring them to be entitled to:

> ". . . recover from the defendant a portion of the federal estate tax they have actually paid for the estate of Hillard W. Marks, which amount is derived from the following formula: $A \times \dfrac{B}{C}$
>
> where: $A =$ the federal tax *actually* paid by the executors for the estate of the decedent;
>
> $B =$ the amount of the proceeds of the life insurance policy on the life of the decedent which were included in the taxable estate, and which were received by the defendant; and
>
> $C =$ the taxable estate plus $60,000.
>
> 26 U.S.C. § 2206."

Because of certain discrepancies in the amounts set forth in the affidavits in

---

1. 26 U.S.C. § 2206 provides in pertinent part:

"Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of total tax paid as the proceeds of such policies bear to the sum of the taxable estate and the amount of the exemption allowed in computing the taxable estate, determined under section 2051."

support of plaintiffs' motion for summary judgment in a specific amount, the Court determined that there was a genuine issue of material fact as to the amount to be recovered. Accordingly, the motion was denied. Since that time, the discrepancies, which apparently were the result of typographical error, have been resolved by the filing of an additional affidavit. The case is now before the Court to dispose of plaintiffs' second motion for summary judgment in the amount of $39,719.04.

The crucial, undisputed fact in the case is that plaintiffs have filed the federal estate tax return and have paid the entire federal estate tax bill—$39,719.04 of which is attributable to the life insurance proceeds, ($140,323.04) received by the defendant. It is an additional fact that the provisions of the will authorize plaintiffs to seek reimbursement for estate taxes they have paid on the life insurance proceeds received by defendant.[2] It is therefore clear, as a matter of law, that plaintiffs are entitled under § 2206 to reimbursement from defendant for those taxes paid.

In support of her position that there is still a genuine issue of material fact, defendant argues that the disbursement of estate funds by the plaintiffs was merely a deposit and does not indicate any assessment of federal estate tax. She contends that because the valuation of some items in the taxable estate, as reported on the tax return, is subject to adjustment by the Internal Revenue Service, the final amount she owes plaintiff may be increased or decreased at a later date. Thus, she concludes, the federal estate tax has not yet been "paid" as that term is used in 26 U.S.C. § 2206, and entry of judgment in a certain sum must be delayed until the final audit of the return is completed.

Clearly, this argument is without merit. Section 6151 of the Code provides that a tax is paid by payment made at the time the return is filed:

"(a) Except as otherwise provided in this section, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary of his delegate, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

\*　　\*　　\*　　\*　　\*　　\*

(c) In any case in which a tax is required to be paid on or before a certain date, or within a certain period, any reference in this title to the date fixed for payment of such tax shall be deemed a reference to the last day fixed for such payment (determined without regard to any extension of time for paying the tax).

---

2. The only currently effective provision of the will and codicils which relates to the payment of estate taxes is Section 1 of the Third Codicil which amends paragraph FIRST of the will. Section 1 provides:

"FIRST: I order and direct my Executor hereinafter named to pay out of the principal of my estate all my just debts, my funeral expenses and the costs of administration of my estate as soon after my death as practicable. I also direct my Executor to pay out of the principal of my estate all estate, inheritance and succession taxes including any interest and penalties thereon, which may be assessed in any way by reason of my death, regardless of whether the property in respect of which any such assessment shall have been made passes, has passed or will pass under the terms of this Will, or under the terms of any other instrument, or by reason of insurance on my life, or by operation of law, or in any other way. I waive on behalf of my estate all rights of reimbursement from any person by reason of the payments made pursuant to the provisions of this Paragraph FIRST; *provided, however, that this provision shall not be construed as a waiver of any right which my Executor has, by law or otherwise, to claim reimbursement for any such taxes which become payable on account of the proceeds of insurance on my life.*" (Emphasis Added.)

Section 6075 of the Code provides:

"(a) Returns made under section 6018(a) (relating to estate taxes) shall be filed within 9 months after the date of the decedent's death."

 There is no dispute that the decedent in this case died on November 20, 1972. Therefore, under § 6075, the plaintiff executors were required to file the federal estate tax return no later than August 20, 1973. The uncontroverted affidavit in support of plaintiffs' motion establishes the return was filed and that the tax computed thereon was paid on that date. Thus, the provisions of § 6151 set the date of "payment" of the federal estate tax as being August 20, 1973. Thus, the tax has been "paid" as that term is used in § 2206.

Defendant next argues that she should not be required to reimburse plaintiffs until they in turn distribute to her the $125,000.00 she is entitled to under the decedent's will.

If the life insurance proceeds had not passed outside the probate estate and had not yet been received by defendant, the equities would be clearly in her favor. That is not the case here, however. The tax plaintiffs seek to recover is not on the $125,000.00 defendant will hopefully soon receive, but on the $140,323.04 which she actually received. Thus defendant will suffer no hardship in paying the tax on the money she has received.

Defendant's attorneys' last argument that she will be deprived unjustifiably of the interest income on the $39,719.04 fails to sway the judgment of this Court. It is noted that if her attorneys had properly advised her to reimburse the plaintiffs, the undoubtedly high legal expenses for this litigation would not have been incurred. Defendant would have been much further ahead if her attorneys had not resisted plaintiffs' rightful claims.

Summary judgment in the amount of $39,719.04 is therefore entered in favor of the plaintiffs.

It is so ordered.