*In re* ESTATE OF HILLARD W. MARKS, Deceased.—(HELEN SPIRCOFF BARON, Plaintiff-Appellant, *v.* THE NORTHERN TRUST COMPANY *et al.*, Ex'rs of the Estate of Hillard W. Marks, Defendants-Appellees.)

First District (1st Division)   No. 76-1333

Opinion filed August 8, 1977.

536

A. Denison Weaver, of Chicago, for appellant.

Lewis R. Baron and David C. Roston, of Lieberman, Levy, Baron & Stone, Ltd., of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Helen Spircoff Baron (plaintiff), legatee under the will of Hillard W. Marks, filed an amended petition seeking payment by the co-executors, The Northern Trust Company and Mary G. Oppenheim (defendants), of

sums alleged to have been wrongfully withheld from the distribution of plaintiff's pecuniary legacy. Defendants filed an answer and the trial court, finding that the pleadings presented only questions of law, ordered the amended petition dismissed with prejudice. Plaintiff has appealed.

In this court, plaintiff urges that defendants could not withhold interest on a prior judgment obtained by defendants against plaintiff because the estate held sufficient funds belonging to plaintiff to satisfy the judgment. Plaintiff further argues that under 28 U.S.C. §2202 (1970) and the due process clause of the Federal Constitution, the estate could not deduct certain sums from her legacy without prior notice and hearing. Defendants contend that plaintiff waived all issues; the prior judgment was res judicata on the issue of judgment interest and defendants as coexecutors were entitled to deduct such interest and a portion of additional estate tax due on completion of the Internal Revenue Service audit of the estate tax return.

Hillard W. Marks (decedent) died testate in November 1972. The will gave plaintiff a legacy of $125,000 and other bequests. Plaintiff was also the beneficiary of an insurance policy upon the decedent's life. She received a cash payment exceeding $140,000 from the insurer as proceeds of the policy. In August 1973, defendants filed a Federal estate tax return and paid the tax shown to be due. Included in the taxable estate were the insurance proceeds paid directly to plaintiff by the insurer. The will granted the executors a right of reimbursement for taxes paid on account of such insurance. See. Int. Rev. Code of 1954, ch. 736, 68A Stat. 402 (now I.R.C. §2206).

On June 28, 1974, the defendants obtained a summary judgment against plaintiff for $39,719.04 as the share of estate taxes then attributable to the insurance proceeds. (*Northern Trust Co. v. Baron* (N.D. Ill. 1974), 377 F. Supp. 666.) At that time, the final IRS audit of the estate tax return had not been completed. The judgment award reflected an apportionment of the estate tax actually paid according to a mathematical formula stated by the court which considered all the pertinent elements involved. Plaintiff neither paid nor offered to pay the judgment.

During 1976, the IRS completed the audit of the estate tax return. The audit resulted in an increase of the amount of the taxable estate and a corresponding increase of the estate tax. In this court the parties do not dispute that, applying the same apportionment formula as used in the Federal proceedings, the share of the additional tax ascribable to plaintiff's life insurance payment was $2536.28.

On May 5, 1976, defendants issued a voucher check to plaintiff for $45,286.65, in satisfaction of her legacy of $125,000. To arrive at this figure, defendants deduced the amount of the prior Federal judgment ($39,719.04), plus interest thereon from the date of judgment ($4389.94)

and the additional estate tax ($2536.28) chargeable to the life insurance proceeds and found to be due in the completed IRS audit. No question is raised by the parties concerning a further deduction of $33,068.09 in accordance with orders entered in separate chancery proceedings on September 8, 1975. All of these amounts comprise the total bequest of $125,000.

Plaintiff's amended petition, filed June 22, 1976, alleged that defendants were not entitled to deduct the additional estate tax because the Federal judgment finally adjudicated plaintiff's total tax liability and that defendants were estopped to claim additional taxes in that they had represented in the prior Federal proceedings that the amount there claimed was the total tax due. Plaintiff further alleged that defendants "as a matter of law are not entitled to interest on said [Federal] judgment in that respondents have had the use of Petitioner's bequest which is well in excess of the amount of said judgment * * *" from the date of decedent's death until May 5, 1976. Plaintiff finally asserted, since defendants had earned income on plaintiff's bequest while the sums were held by the estate, defendants were not entitled to "an additional 6% [interest payment] * * *."

Defendants' answer responded that the complaint filed in the prior Federal court proceedings specifically alleged "that additional sums might be due from petitioner after final determination of the estate taxes." Defendants further claimed that the estate was entitled to interest under 28 U.S.C. §1961 (1970) and the decision of the United States District Court was res judicata on the issue of plaintiff's liability for judgment interest prior to distribution of her legacy.

Plaintiff first contends that no interest could accrue on the Federal judgment for estate taxes because the estate at all times held "sufficient funds belonging to the judgment debtor [plaintiff] out of which the judgment * * * [could have been] satisfied at the option of the creditor * * *." Plaintiff reasons that defendants waived all rights to interest by failing immediately to distribute plaintiff's legacy less a deduction for the face amount of the judgment. In support, plaintiff cites the principle that an implied waiver arises from a "clear, unequivocal, and decisive act * * *" showing an intention to waive a right or conduct "inconsistent with any other intention * * *" than waiver. *Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 1052, 316 N.E.2d 177, *appeal denied*, 57 Ill. 2d 608.

Analysis demonstrates that plaintiff's argument contains conflicting claims. In arguing waiver, plaintiff necessarily concedes that the estate originally had a right to interest which it then allegedly waived. Yet plaintiff also urges that no interest on the judgment could accrue while the estate held plaintiff's undistributed legacy. We will consider each element of this argument separately.

■■ ■ We find no act or course of conduct by defendants demonstrating an intent to waive the statutory right of the estate to interest on the judgment against plaintiff. (Ill. Rev. Stat. 1973, ch. 74, par. 3.) Defendants' failure to distribute plaintiff's legacy prior to the final IRS audit of the estate tax return is not inconsistent with every intention other than waiver of the right to interest on the judgment. An executor's decision of when to make distribution to legatees is necessarily affected by consideration of several factors, including the duty to pay all claims and expenses of administration. (See Ill. Rev. Stat. 1971, ch. 3, pars. 202, 205.) We find no conduct by defendants which in any way indicates an intention to waive the statutory right to interest on the judgment.

■■ We cannot accept plaintiff's additional argument that no interest could accrue on the judgment as long as the estate held plaintiff's undistributed legacy. The Illinois Interest Act (Ill. Rev. Stat. 1973, ch. 74, par. 3) provides in pertinent part: "Judgments recovered before any court * * * shall draw interest at the rate of 6% per annum from the date of the same until satisfied." Under this Act, defendants as judgment creditors were entitled to interest from the date of the judgment. As this court stated in *People ex rel. Holland v. Halprin* (1975), 30 Ill. App. 3d 254, 256, 332 N.E.2d 501: "The language of the statute is positive and self-executing. The trial court is without authority or discretion to limit the interest which thereby accrues upon a judgment." In addition, plaintiff has neither alleged nor proved a tender of the amount of the judgment or some authorization to defendants to pay the judgment from funds in their possession. See *Holland*, 30 Ill. App. 3d 254, 257.

Plaintiff's argument is, in effect, an assertion that defendants' mere possession of funds belonging to plaintiff sufficient to satisfy the judgment should be given the legal effect of a satisfaction which prevented the accrual of interest. Plaintiff has cited no authority, and we have found none requiring this result in Illinois.

Under Illinois law, the duties of an executor in administering the assets of the estate are created by statute and the terms of the will. (See, *e.g.*, *South Side Trust & Savings Bank v. South Side Trust & Savings Bank* (1972), 5 Ill. App. 3d 474, 479, 284 N.E.2d 61.) The rights and duties of the parties in connection with the administration of the estate are governed by the statute in force in November 1972, the date of decedent's death. (See *In re Estate of Georgen* (1971), 2 Ill. App. 3d 750, 756-57, 277 N.E.2d 341.) Under the Probate Act then in effect, the duties of defendants as executors included the payment of claims against the estate, including all Federal estate taxes, prior to any distribution to legatees. Ill. Rev. Stat. 1971, ch. 3, pars. 202, 205, 291.

No statute or decision requires an executor to make such distribution immediately upon entry of a judgment for reimbursement of estate taxes prior to the completion of the final audit of the estate tax return. If

plaintiff desired distribution, she could have pursued her claim as provided in the Probate Act. (See Ill. Rev. Stat. 1971, ch. 3, par. 297; *cf.* Ill. Rev. Stat. 1971, ch. 3, par. 308.) Prior to distribution, the estate, not the pecuniary legatees, such as plaintiff, had a right to interest upon the undistributed assets. (Ill. Rev. Stat. 1971, ch. 30, par. 163(4).) In fact, if defendants had failed to invoke the estate's statutory right to judgment interest, the charge might have been made that they had breached their duty as executors to "collect and preserve the assets of the estate * * *." *In re Estate of MacLeish* (1976), 35 Ill. App. 3d 835, 842, 342 N.E.2d 740, *appeal denied*, 63 Ill. 2d 552.

Further, in our opinion, equitable considerations supports affirmance of the decision appealed from. As pointed out in the Federal decision (*Northern Trust Co. v. Baron* (N.D. Ill. 1974), 377 F. Supp. 666, 669), plaintiff long ago received the insurance proceeds of some $140,000 with reference to which she owes the Federal tax. Therefore, she will suffer no hardship in paying the tax plus interest from funds which she has already used for so long.

Plaintiff finally urges that defendants had no right to deduct the amount of additional estate tax because they failed to provide prior notice and a hearing before the United States District Court. The pertinent Federal statute, 28 U.S.C. §2202 (1970), provides:

> "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

■■ Plaintiff also attempts to raise a due process argument based upon the fourteenth amendment to the Federal Constitution and upon the alleged lack of notice and hearing. We reject this contention. On April 19, 1974, the district court granted plaintiff's motion for summary judgment as to declaratory relief only. The court entered a memorandum order establishing the correct mathematical formula for computing the amount of estate tax which the estate was entitled to recover. On June 28, 1974, the court implemented this declaratory relief by entering summary judgment in favor of plaintiff in the proportionate amount of estate tax liability of plaintiff as it then existed. Plaintiff herself pointed out to the court that the precise amount of the judgment would be subject to revision after final audit by the IRS. The court rejected this argument. *Northern Trust Co. v. Baron* (N.D. Ill. 1974), 377 F. Supp. 666, 668.

It is therefore evident that no additional legal relief under 28 U.S.C. §2202 (1970) was required by either party after the final estate tax audit. The only remaining problem then was strictly arithmetical. To this day no question has been raised regarding the accuracy of any of the computations before us. The statute relied on by plaintiff makes further

relief available when necessary but in no way limits the authority of executors to administer an estate. The executors had the right and the duty to deduct from distribution of a pecuniary legacy a debt due from the legatee to the estate. See, *e.g., Meppen v. Meppen* (1945), 392 Ill. 30, 63 N.E.2d 755; *Fleming v. Yeazel* (1942), 379 Ill. 343, 40 N.E.2d 507.

Finally, we cannot find in the administration of a private estate the type of State action which requires application of the Federal due process clause. U.S. Const., amend. XIV.

In view of the above disposition of plaintiff's claims, we need not consider the additional contentions raised by defendants.

The judgment appealed from is accordingly affirmed.

McGLOON and O'CONNOR, JJ., concur.