**ESTATE OF W. Leo MURPHY, Deceased, by First Wisconsin Trust Co., John A. Murphy, John D. Murphy, Terrence M. Murphy and James M. McCormick, Co-Personal Representatives, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 77–C–454.

United States District Court, W. D. Wisconsin.

July 30, 1981.

Robert J. Johns, Jr., LaCrosse, Wis., for plaintiffs.

Frank M. Tuerkheimer, U. S. Atty., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action by the plaintiffs for the refund of federal taxes paid by them on behalf of the estate of W. Leo Murphy. This court has jurisdiction under 28 U.S.C. § 1346(a)(1). Presently before the court are cross motions for summary judgment. For the reasons stated below, the plaintiffs' motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted.

Since there is no genuine issue as to any material fact in this action, summary judgment is appropriate. Rule 56, Federal Rules of Civil Procedure. The undisputed facts are as follows. On September 24, 1965, W. Leo Murphy (hereinafter also referred to as the decedent) executed his last will and testament. Thereafter, he also executed two codicils thereto, dated July 8, 1968, and January 13, 1972, respectively. Murphy died testate while a resident of La Crosse County, Wisconsin, on May 18, 1972. The First Wisconsin Trust Co., John A. Murphy, John D. Murphy, Terrence M. Murphy and James M. McCormick were appointed co-personal representatives of his estate.

The decedent's federal estate tax return, as filed, included a claim for a marital deduction in the amount of $2,272,950.46, which was one-half of the decedent's adjusted gross estate. The Internal Revenue Service reduced the claimed marital deduction to $2,120,134.17 on the ground that the marital deduction must be diminished by the amount of the Wisconsin inheritance tax due and owing upon the marital bequest to the decedent's surviving spouse. This reduction resulted in an increase in the federal estate tax due and owing in the amount of $114,234.60.

On January 20, 1976, Murphy's estate timely paid to the Internal Revenue Service the additional federal estate tax. Subsequently, on June 6, 1977, the plaintiffs mailed a claim for refund of $114,234.60 to the Internal Revenue Service, but this claim was disallowed on November 16, 1977. On February 1, 1978, Murphy's estate commenced this action to recover the estate tax paid as a result of the reduction of the marital deduction.

The issue before this court is whether the marital deduction claimed on the decedent's federal estate tax return was properly reduced for federal estate tax purposes by the surviving spouse's share of Wisconsin inheritance tax.* The specific portions of the

---

\* Internal Revenue Code ("IRC") § 2056(a) provides that for purposes of the federal estate tax imposed by IRC § 2001(a), the value of the

taxable estate shall be determined by deducting from the value of any interest in property which passes from the decedent to his surviv-

will relevant to the issue are the first, sixth and seventh sections:

"First: I direct that all my just debts, expenses of last illness, funeral expenses, costs of administering my estate, and all federal estate taxes which may be assessed by reason of my death on any property, or on any interest therein included in my gross estate for said tax purposes, shall be first paid from my estate.

\* \* \* \* \* \*

"Sixth: B–4 Notwithstanding any of the provisions of the preceeding paragraph B–1, B–2 and B–3, the trustees are authorized, empowered and directed to pay an equal share from each trust fund herein created, out of the income thereof, as shall, in the aggregate, be necessary to augment the income payable to my wife under a separate trust hereinafter created, so as to provide my wife with sufficient income to maintain herself and our children in the manner of living to which they are accustomed \* \* \*.

\* \* \* \* \* \*

"Seventh: If my wife Mary A. Murphy survives me, I give, devise and bequeth in trust, however, unto my brother John A. Murphy and unto John D. Murphy, Terrence M. Murphy, James M. McCormick, and First Wisconsin Trust Co. of Milwaukee, Wisconsin, or their successor trustees, a portion of my estate of a value sufficient to obtain the maximum marital deduction allowable in determining the federal estate tax upon my estate, after taking into account all other items included in my gross estate for federal estate tax purposes \* \* \*."

■ In resolving this issue, the Court must look to Wisconsin law. *Greene v.*

*United States*, 476 F.2d 116, 118 (7th Cir. 1973). Normally, the Wisconsin inheritance tax on an interest passing to a surviving spouse is chargeable to the surviving spouse's interest. *Estate of Bauknecht*, 49 Wis.2d 392, 395, 182 N.W.2d 238 (1970). The reason behind this result is that the Wisconsin inheritance tax imposes a liability upon the beneficiary of the interest rather than upon the estate, as does the federal estate tax. *Nunnemacher v. State*, 129 Wis. 190, 108 N.W. 627 (1906).

■ The plaintiffs contend that, under Wisconsin law and the express language of the decedent's will, it was the unambiguous intention of the decedent that his surviving spouse receive the maximum amount of assets for federal estate tax purposes undiminished by the Wisconsin inheritance tax; that is, Wisconsin inheritance taxes on the surviving spouse's interest should be paid out of the assets not qualifying for the marital deduction. Under Wisconsin law, the well established rule is that the intention to shift the Wisconsin inheritance tax from a beneficiary to another person or to the estate "must be expressed in clear language and in case of doubt as to the meaning of the will, the tax burden should be left where the law places it." *Bauknecht*, supra, at 396, 182 N.W.2d 238 citing *Will of Uihlein*, 264 Wis. 362, 59 N.W.2d 641 (1953) and *Estate of Joas*, 16 Wis.2d 489, 114 N.W.2d 831 (1962). Moreover, the general view under Wisconsin law is that a will "should contain specific provisions relating to the payment of taxes if it is intended that the tax burden should fall differently than as provided by law." *Bauknecht*, supra, at 396, 182 N.W.2d 238. Therefore, unless the decedent's intent that the interest passing to his surviving spouse be free

ing spouse. This deduction, known as the marital deduction, is further limited by IRC § 2056(c)(1), to an amount not exceeding 50 percent of the value of the decedent's adjusted gross estate (the Tax Reform Act of 1976 to IRC § 2056 is not applicable to this action). IRC § 2056(b)(4) further provides in pertinent part that in determining the value of any interest in property passing to the surviving spouse, there shall be taken into account the effect

which any inheritance tax has on the net value to the surviving spouse of such interest. If the interest passing to the surviving spouse is liable for state inheritance or death taxes, then a reduction for such taxes must be made in order to arrive at the net value of the property passing to the surviving spouse. Treas.Regs. § 20.-2056(b)–4(c), 26 C.F.R. § 20.2056(b)–4(c) (1972).

of Wisconsin inheritance taxes is expressed in clear and specific language, the court is obliged to leave the burden for such taxes upon his surviving spouse.

The defendant argues that the rule expressed in *Bauknecht* controls the outcome of this case. In *Bauknecht*, the decedent designated the amount of property to be set aside for his surviving spouse using the following language: " * * * shall set aside, * * * an amount from the property eligible for the marital deduction under the Internal Revenue Code * * * equal to 50 per cent of my adjusted gross estate as finally determined for federal estate tax purposes * * *." *Bauknecht*, supra, at 394 n.1, 182 N.W.2d 238. This language was identical to language used in the Internal Revenue Code to state the maximum amount allowable as a marital deduction under the federal law. Id. at 396, 182 N.W.2d 238. But, since the estate was not directed to pay state inheritance taxes, the supreme court found that this language fell short of a clear expression of intent that this amount of property was not to be reduced by the payment of state inheritance taxes thereon. Id. at 397, 182 N.W.2d 238.

■ The plaintiffs seek to distinguish or limit the precedent of *Bauknecht* by arguing that the language used by the Murphy will was unambiguous and not sufficiently similar to the language used in *Bauknecht* to justify the same result. The Court disagrees. Section 7 of the Murphy will sets aside "a portion of my estate of value sufficient to obtain the maximum marital deduction allowable." Like the language used in *Bauknecht*, this language does not expressly contemplate the effect of state inheritance taxes. And like the language used in the Murphy will, *Bauknecht* used language intending to state the maximum amount allowable as a marital deduction under the federal law. *Bauknecht*, supra, at 396, 182 N.W.2d 238. While it is true that nothing contained in Section 7 of the Murphy will indicates an intention contrary to an intent to afford the decedent's estate the maximum marital deduction, it is also true that nothing contained in that section indicates an intent to set aside an amount not only sufficient to constitute the maximum marital deduction but also an amount sufficient to pay the Wisconsin inheritance tax thereon. But in light of the first section of Murphy's will, which directs the estate to pay " * * * debts, expenses of last illness, funeral expenses, costs of administering my estate, and all federal estate taxes which may be assessed by reason of my death * * *," it cannot be said that the will contains an express and specific intention relating to the payment of state inheritance taxes. Therefore, the language of Sections 1 and 7 of the Murphy will falls short of a clear expression of intent that the amount of property to be set aside for his surviving spouse was not to be reduced by the payment of state inheritance taxes thereon. See *Bauknecht*, supra, at 397, 182 N.W.2d 238. But see *Dodd v. United States*, 345 F.2d 715 (3d Cir. 1965); *Estate of Haskell*, 58 T.C. 197 (1972).

This result is consistent with the "enunciated reluctance of Wisconsin courts to grant an estate the fullest marital deduction when the terms of the will do not expressly provide that estate taxes should be paid from the portion of the estate that does not qualify for the marital deduction," *Greene v. United States*, 476 F.2d 116, 119 (7th Cir. 1973), and with carefully considered and strongly worded dicta in the *Bauknecht* case, *viz.*:

"If the maximum advantage of the federal marital deduction is to be obtained, lawyers have been advised a will should expressly provide that the state inheritance tax and the federal estate tax should be paid from the portion of the estate which does not qualify for the federal marital deduction." 49 Wis.2d at 397, 182 N.W.2d 238.

For the foregoing reasons,

IT IS ORDERED that the plaintiffs' motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be and hereby is granted, and that this action be and hereby is dismissed.