ESTATE OF EDWARD A. BOYD, JULIA H. BOYD AND MICHAEL E. BOYD, CO-PERSONAL REPRESENTATIVES, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 30219–82. Filed December 30, 1985.

*Arthur F. Lubke, Jr.*, and *John A. Herbers*, for the petitioner.
*Edward J. Roepsch*, for the respondent.

STERRETT, *Chief Judge*: Respondent determined a deficiency by notice dated October 5, 1982, of $34,497.04 in the Federal estate tax of petitioner. Respondent's amended answer determined an additional deficiency of $8,468.06. The deficiencies are based on reductions of the estate marital deduction.

After concessions, the primary issue for decision is whether the beneficiary of nonprobate life insurance proceeds was liable to the executor of the estate for payment of Federal estate tax attributable to the insurance proceeds. Also at issue is whether the marital deduction must be reduced for State inheritance tax imposed upon property that passed to the surviving spouse.

## FINDINGS OF FACT

All of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference.

Petitioner herein is the Estate of Edward A. Boyd. Edward A. Boyd (decedent) died testate on January 15, 1979, a resident of Wisconsin. Julia H. Boyd and Michael E. Boyd, co-personal representatives of the estate, filed a timely Federal estate tax return with the Internal Revenue Service Center, Kansas City, Missouri. The estate was administered in Wisconsin and the estate representatives resided in Wisconsin when the petition was filed.

The terms of decedent's will conveyed his entire estate to Virginia Rapp Boyd, decedent's former wife, but if she should fail to survive him, then to Michael Edward Boyd (decedent's son or the beneficiary). Decedent's former wife did predecease him, and decedent's son was the sole beneficiary under the will. Decedent was survived by his second wife, Julia H. Boyd (surviving spouse).[1]

Decedent's gross estate consisted of probate and nonprobate assets. The nonprobate assets included the proceeds of a life insurance policy on decedent's life, payable to decedent's son. Decedent's will provided that the estate and inheritance taxes payable because of his death were to be paid out of the general

---

[1]The will was not revoked by decedent's subsequent marriage to Julia H. Boyd. Wis. Stat. Ann. sec. 853.11(2)(a) (West 1985).

estate. This clause expressly included the tax attributable to nonprobate property within the gross estate, as follows:

> My Executrix or Executor, as the case may be, shall pay and discharge all my just debts and funeral and testamentary expenses out of my general estate, together with all estate and inheritance taxes (by whatever name called) becoming payable because of my death in respect of all property comprising my gross estate for death tax purposes, whether or not such property passes under this Will.

On July 12, 1979, decedent's son executed a document entitled "Disclaimer." On July 18, 1979, the estate representatives filed this document with the Wisconsin Probate Court that administered decedent's estate. It stated as follows:

### DISCLAIMER

I, Michael E. Boyd, being the only issue of Edward A. Boyd and the only beneficiary under his will, pursuant to Wisconsin Statutes, section 853.40, irrevocably disclaim my entire interest under that will, including any right to have the probate estate pay any federal or Wisconsin estate or inheritance tax on any property passing to me outside the probate estate. I further disclaim any interest I may receive from the probate estate under any intestate law.

I further certify that I have not received and have not accepted any of the interest which I am disclaiming or any benefits from that interest.

Dated at Milwaukee, Wisconsin on July 12, 1979.

(S) Michael E. Boyd
MICHAEL E. BOYD

The disclaimer provided that decedent's son had disclaimed his testate and intestate interests. The net probate estate, as determined in accordance with the will provisions, passed by intestacy to decedent's surviving spouse.

Petitioner had computed the total Federal estate tax payable at $77,906.23. On January 28, 1980, petitioner received a $76,268.64 check from decedent's son, which he had intended to approximate the amount of estate tax imposed upon the life insurance proceeds. Petitioner forwarded this payment, plus its own check in the amount of $1,637.59, to respondent. Petitioner also paid to respondent $8,468.06 for Wisconsin inheritance tax imposed upon property which passed to the surviving spouse.[2]

---

[2] Petitioner paid an additional $1,444.52 to respondent on June 8, 1981, based on a correction of a mathematical error made on the original estate tax return.

In the statutory notice of deficiency, respondent determined a deficiency of $34,497.04, based on a reduction in the net probate estate for Federal estate tax imposed on the nonprobate life insurance proceeds, which in turn decreased the allowable marital deduction. Respondent's amended answer determined an additional deficiency of $8,468.06 due to a decrease in the marital deduction for State inheritance tax.

OPINION

The primary issue for decision is whether the life insurance beneficiary is liable to the executor of the estate for payment of Federal estate tax attributable to certain nonprobate life insurance proceeds on decedent's life. The resolution of this issue will determine the amount of the net probate estate and allowable marital deduction.

Petitioner argues that the beneficiary has disclaimed the tax clause provision in decedent's will, so that the beneficiary is liable for the tax in accordance with section 2206.[3] Respondent argues that because of the tax clause, section 2206 is inapplicable, and the disclaimer does not operate to cause the beneficiary to become liable for this tax. Petitioner received a check from the beneficiary in an amount intended to approximate the estate tax attributable to the life insurance proceeds, which petitioner forwarded to respondent. However, it is immaterial that the beneficiary initially paid the tax upon the insurance proceeds. The issue remains whether the beneficiary or the estate was liable for this payment. *Estate of Haskell v. Commissioner*, 58 T.C. 197, 200 (1972), affd. 485 F.2d 679 (3d Cir. 1973). Petitioner bears the burden of proof on this issue. Rule 142(a).

The general rule is that the executor is liable for the payment of estate tax, including tax imposed upon property within the gross estate that is not in the executor's possession. Sec. 2002; sec. 20.2002–1, Estate Tax Regs. However, the executor may be entitled to recover the tax attributable to proceeds of a life insurance policy on the decedent's life which

---

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in question, and all Rule references are to the Tax Court Rules of Practice and Procedure.

are receivable by a beneficiary other than the executor. Section 2206 provides, in part, that—

Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate. * * *

Therefore, estate tax liability may be apportioned between the executor and the beneficiary. The statute does not impair respondent's right to collect the tax from the executor, nor does it require respondent to apportion the tax between the executor and beneficiary. Sec. 2205; secs. 20.2205–1 and 20.2206–1, Estate Tax Regs. The executor remains liable to respondent for payment in the first instance. However, as between the executor and the beneficiary, the executor may have the right to be reimbursed by the beneficiary. See *Estate of Haskell v. Commissioner*, 58 T.C. at 200; *Farley v. United States*, 217 Ct. Cl. 560, 581 F.2d 821 (1978); *Northern Trust Co. v. Baron*, 377 F. Supp. 666 (N.D. Ill. 1974); *Dodd v. United States*, 223 F. Supp. 785 (D.N.J. 1963), affd. 345 F.2d 715 (3d Cir. 1965).

The parties agree that decedent's will directed the executor to pay all the estate and inheritance taxes. Section 2206 expressly provides that a decedent may direct the apportionment of the tax burden on life insurance proceeds. Therefore, as a result of this "tax clause," section 2206 did not operate to impose this tax liability upon the beneficiary. Respondent takes the position that the beneficiary had no liability, statutory or otherwise, to pay to or reimburse the estate for the tax. However, petitioner argues that since the sole beneficiary under the will had disclaimed his entire testate interest, which created the intestate interest in decedent's surviving spouse, it is as if the decedent had died intestate. The parties acknowledge that if the decedent had died intestate, the beneficiary would have been liable for the tax under section 2206.

Section 2206 authorizes a decedent to direct that his estate may be liable for the tax attributable to life insurance proceeds. While it is true that the surviving spouse here is an intestate taker, her property interest is the net probate estate

as determined under the will and therefore is subject to the tax clause. Wis. Stat. Ann. sec. 852.01(1) (West 1985). Therefore it is not as if the decedent died intestate, as petitioner claims. The question then becomes what effect, if any, did the beneficiary's disclaimer have upon the tax clause.

Petitioner also argues that based on State law, the beneficiary had executed a qualified disclaimer of this provision in decedent's will and, as a result, became liable for the tax at issue. Federal law has established that estate tax is paid out of the net estate, sec. 2205; State law generally determines who and what property shall bear the burden of the tax. However, exceptions to this determination under State law exist where there is a controlling Federal statute or contrary will provision, both of which are present in the instant case. *Riggs v. Del Drago*, 317 U.S. 95, 97–99, 101–102 (1942);[4] *Greene v. United States*, 476 F.2d 116, 118 (7th Cir. 1973); *Doetsch v. Doetsch*, 312 F.2d 323, 326–327 (7th Cir. 1963). We conclude that, under Federal law, the decedent's will directed that the executor of the estate would be liable for the payment of the tax and that the beneficiary would not be liable therefor. As a result, petitioner's argument that State law determined where the ultimate liability lies is misplaced. However, because petitioner purports that through State law the beneficiary had become liable for the tax in accordance with the Federal statute, we choose to address petitioner's argument.

---

[4]The Supreme Court has stated—

"that Congress intended that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; * * * that Congress did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid, and that Congress intended that state law should determine the ultimate thrust of the tax.[4] * * *

"'4Congressman Cordell Hull, one of the supporters of the 1916 Act and its reputed draftsman, declared: 'Under the general laws of descent the proposed estate tax would be first taken out of the net estate before distribution, and distribution made under the same rule that would otherwise govern it. Where the decedent makes a will he can allow the estate tax to fasten on his net estate in the same manner, or if he objects to this equitable method of imposing it upon the entire net estate before distribution he can insert a residuary clause or other provision in his will, the effect of which would more or less change the incidence of the tax.' 53 Cong. Rec. 10657."

[*Riggs v. Del Drago*, 317 U.S. 95, 97–98 (1942).]

Also, the Supreme Court acknowledged that sec. 826(c), the predecessor of sec. 2206, authorizes a scheme of Federal apportionment in the instance of certain nonprobate property, such as life insurance proceeds includable in a decedent's gross estate. *Riggs v. Del Drago, supra* at 101–102.

Wisconsin courts acknowledge that Federal estate tax is imposed upon a decedent's whole estate. *Estate of Joas v. Langill*, 16 Wis. 2d 489, 114 N.W.2d 831, 833 (1962); *Uihlein v. Uihlein*, 264 Wis. 362, 59 N.W.2d 641, 646–648 (1951); *Kootz v. Wisconsin Tax Commission*, 228 Wis. 672, 280 N.W. 672, 675 (1938); *In Re Stephenson's Estate*, 171 Wis. 452, 177 N.W. 579, 580 (1920). There is no Wisconsin State apportionment statute. *Estate of Joas v. Langill, supra* at 833; *Uihlein v. Uihlein, supra* at 646. However, petitioner relies on *First Wisconsin Trust Co. v. Wisconsin Tax Commission (In Re Levalley's Estate)*, 191 Wis. 356, 210 N.W. 941 (1926), where a will provision directed the executors to pay all estate and inheritance taxes imposed upon the will bequests. The court there equated the legatee's right to compel the executors to pay the State inheritance tax with a bequest. The court held that where the legatee was entitled to receive a "net legacy," that is, property free from its inheritance tax, that constituted a bequest, as a transfer of an interest in property, in the amount of the tax imposed. In order to prevail, petitioner first must establish that there was a transfer of property or of an interest in property. Sec. 2518; Wis. Stat. Ann. secs. 851.27 and 853.40 (West 1985).[5]

Petitioner's analogy to *Levalley's Estate* is misplaced. The bequest there was a legatee's relief from liability to pay a State inheritance tax. In the instant case, the primary issue is whether the beneficiary has become liable to pay Federal estate tax. This distinction is critical. State inheritance tax is imposed upon the recipient of a gift or transfer for the right to receive an interest in property. Federal estate tax is imposed upon an estate for the right to transfer an interest in property. *Estate of Murphy v. United States*, 524 F. Supp. 862, 864 (W.D. Wis. 1981); *Estate of Stevens v. Foster*, 74 Wis. 2d 1, 245 N.W.2d 673, 675 (1976); *Martinson v. Kellogg-Citizens National Bank (Estate of Bauknecht)*, 49 Wis. 2d 392, 182 N.W.2d 238, 240 (1971). Inheritance tax is calculated for each gift or transfer based on the relationship between the parties, the amount of the gift or transfer, and the appropriate tax rate, which then is collected by the executor of the estate. *Estate of Bauknecht, supra* at 240, citing *Nunnemacher v. State*, 129 Wis. 190, 108

---

[5]Based on our finding that there was no such transfer, we do not discuss the other elements of a qualified disclaimer under Federal or State law.

N.W. 627 (1906). Estate tax is determined upon the amount of the net estate at a unified rate. Sec. 2001; *Riggs v. Del Drago, supra* at 98–99 and n. 4.

In *Levalley's Estate*, since the legatee initially was liable for payment of the State inheritance tax, the will provision shifted this liability to the estate. This constituted an additional bequest which the legatee could either accept or reject. In the instant case, decedent's tax clause precluded the executor's right to require reimbursement from the beneficiary under section 2206. The beneficiary never bore the liability for this tax. He is not deemed to have received an additional bequest which would have constituted the requisite disclaimable interest. As a result, the disclaimer did not act to shift the incidence of tax liability to the beneficiary under section 2206. The beneficiary has attempted, unsuccessfully, to assume liability for the tax so as to increase the amount of the net probate estate and the marital deduction.

We conclude that petitioner has failed to establish that the beneficiary was liable for the estate tax attributable to the life insurance proceeds. As this tax was a liability of the estate, respondent properly reduced the net probate estate, which passed to the surviving spouse. The marital bequest is comprised of the net probate estate plus a nonprobate annuity to the surviving spouse. Sec. 2056(a). The amount of the marital deduction is based on the net value of the property interest which passes to the surviving spouse, after reduction for estate and other death taxes. Sec. 2056(b)(4)(A); sec. 20.2056(b)–4(a) and (c)(1), Estate Tax Regs.[6] We therefore uphold respondent's determination of this deficiency.

Respondent's amended answer raises an additional deficiency of $8,468.06, to be redetermined by the Court pursuant to section 6214(a). The deficiency is based on a reduction of the marital deduction for State inheritance tax imposed upon

---

[6]Sec. 20.2056(b)-4, Estate Tax Regs., provides in relevant part as follows:

Marital deduction; valuation of interest passing to surviving spouse—(a) *In general.* * * * The marital deduction may be taken only with respect to the net value of any deductible interest which passed from the decedent to his surviving spouse, * * *

        \*      \*      \*      \*      \*      \*      \*

(c) *Effect of death taxes.* (1) In the determination of the value of any property interest which passed from the decedent to his surviving spouse, there must be taken into account the effect which the Federal estate tax, or any estate, succession, legacy, or inheritance tax, has upon the net value to the surviving spouse of the property interest.

property passing to the surviving spouse. Respondent bears the burden of proof on this issue. Rule 142(a).

Unlike Federal estate tax, liability for State inheritance tax lies initially with the beneficiary or recipient of the gift or transfer. *Estate of Haskell v. Commissioner*, 58 T.C. 197, 200 (1972); *Estate of Murphy v. United States, supra* at 864; *Estate of Stevens v. Foster, supra* at 675. However, a decedent may shift this tax burden where his intention to do so is expressed in clear language. *Estate of Murphy v. United States, supra* at 864; *Estate of Bauknecht, supra* at 240. In the instant case, the tax clause evidenced a clear expression of the decedent's intention to relieve his beneficiaries of liability for State inheritance tax. The representatives of the estate paid this tax on behalf of the surviving spouse and properly reduced the amount of the net probate estate and marital deduction for this liability. Sec. 2056(b)(4)(A). We conclude that the amount of the deficiency in petitioner's estate tax shall be redetermined based on this additional deficiency.

*Decision will be entered under Rule 155.*