WILL OF BUCHANAN: BUCHANAN, Appellant, vs. BUCHANAN and others, Respondents.

*November 8—December 5, 1933.*

*Frank R. Bentley* of Madison, for the appellant.

For the respondents there was a brief by *McGowan, Geffs, Fox & Persons* of Janesville, and oral argument by *H. H. Persons* and *E. D. McGowan*.

FOWLER, J.   The proceeding is in effect one to construe a will, although in form a petition to have title in real estate declared in petitioners free from the claim of appellant under a will to use thereof during life or until she remarries.

The will of William Buchanan devised the use of a farm to his son Alexander during his life; and upon his death to the issue of his body surviving him; and if none "to his widow, Sadie True Buchanan, for and during the period of her widowhood, and upon her remarriage or her death, whichever event shall occur first," to the children of his son James.   Alexander survived his father.   After the testator's death Alexander procured a divorce from Sadie True Buchanan from the bonds of matrimony and subsequently died without issue.   Sadie is still living and has never remarried.   She claims a life estate in the farm under the provisions of the will above stated, and the petitioners, who are children of James Buchanan, claim that as she never became the widow of Alexander, the entire estate is under said provisions now vested in them.

The appellant cites several cases wherein a testator made a devise or bequest to his wife either naming her first and

following the name by the words "my wife," or to his wife following the words "my wife" with her name, in which it was held that a decree of divorce granted after the execution of the will did not prevent the former wife from taking the devise or bequest. These cases have little bearing from the fact that the appellant was not the testator's wife, but the wife of another, and none at all from the fact that the *Will of Battis,* 143 Wis. 234, 126 N. W. 9, holds that under such facts the divorce operates as a revocation of the provision of the will in favor of the former wife. Something is also said in appellant's brief about a divorce not operating to revoke a legacy to the wife of another than the testator, but revocation is entirely beside the instant case because the divorce involved was not decreed until after the testator's death and the will has been admitted to probate with the provision involved in effect. The question is not is the devise revoked, but is it defeated because the appellant was divorced from her husband after the testator's death and never became the widow of his son Alexander.

Much is also made in the briefs over the question whether the estate devised to the wife was vested or contingent, but this is of no import because the divorce defeats the estate in one case if it does in the other, and it makes no difference whether the divorce produced this result by divesting the estate after it vested in Sadie or by preventing it from ever vesting in her. The devisee has not now any estate in either case.

We think it plain that under the cardinal rules of construction that a will must be given effect according to the testator's intent and that words therein must be given their ordinary meaning unless there is something in the will or in the circumstances to indicate otherwise, the terms of the instant devise of the use of the farm "to his (Alexander's) *widow during the period of her widowhood"* compels affirmance of the judgment. A divorcee does not upon the death of the man from whom she was divorced become his

widow. Thus Sadie never became Alexander's widow, and no period of "widowhood" accrued to her upon Alexander's death; and as it is only during her such period that the will entitled her to use of the farm, she is not now so entitled.

*By the Court.*—The judgment of the county court is affirmed.