In the MATTER OF the MARITAL TRUST CREATED UNDER the WILL OF Daniel H. COONEY, Deceased:

FIRSTAR TRUST COMPANY, Trustee of the Marital Trust, Petitioner-Appellant-Cross Respondent,†

v.

FIRST NATIONAL BANK OF KENOSHA, Personal Representative of the Estate of Dorothy B. Cooney, Claimant-Respondent-Cross Appellant.

Court of Appeals

*No. 93–2508. Submitted on briefs July 27 1994.—Decided October 26, 1994.*

(Also reported in 525 N.W.2d 53.)

†Petition to review granted.

On behalf of the petitioner-appellant-cross respondent, the cause was submitted on the briefs of *Barbara*

*J. Janaszek, Allan E. Iding* and *Barbara A.B. Larson* of *Whyte Hirschboeck Dudek S.C.* of Milwaukee.

On behalf of the claimant-respondent-cross appellant, the cause was submitted on the brief of *Andrew J. Willms* and *Michael R. Ong* of *Willms Anderson, S.C.* of Thiensville and *Christopher T. Kolb*, of counsel, of *Halling & Cayo, S.C.* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J. Daniel H. Cooney's will established a marital trust whereby his wife, Dorothy B. Cooney, received a life interest and the remainder beneficiaries designated by Daniel would receive the remaining principal upon Dorothy's death. Daniel's estate elected to treat the trust as a qualified terminal interest property (QTIP) trust, thereby deferring the payment of the federal and state estate taxes until Dorothy's death.

The trustee for the QTIP trust raises two issues in this appeal. The first issue is whether a pay-all-taxes clause in Dorothy's will exonerated the remainder beneficiaries from payment of the federal estate taxes attributable to the inclusion of the trust assets in Dorothy's estate. We hold that Dorothy's direction in her will to pay "all valid inheritance and estate taxes payable by reason of my death" cannot, under Wisconsin law, be construed as a direction to pay inheritance and estate taxes on the QTIP trust property and that, therefore, her estate may recover the federal estate tax from the remainder beneficiaries. Thus, we affirm the trial court.

The second issue raised in the appeal is whether the trial court erred when it entered a judgment for money damages together with pre- and postjudgment interest. We hold that money damages and interest

were properly awarded; therefore, we affirm the trial court on this issue also.

The personal representative of Dorothy's estate filed a cross-appeal. The issue in the cross-appeal is whether her estate is entitled to reimbursement for state estate taxes. We hold that the estate is so entitled and reverse the trial court on this issue.

The undisputed facts are as follows. Daniel died in 1986. His will established a marital trust for the benefit of Dorothy, who survived him. Dorothy was to receive the trust income during her lifetime, along with any principal needed for her health, support and maintenance. Daniel's will further provided that upon Dorothy's death, the remainder of the trust was to be distributed in equal shares to those (nine of Daniel's relatives) who survived him.

Dorothy and Firstar Trust Company, as Daniel's personal representative, elected QTIP treatment for the trust. This election deferred the payment of the federal and state estate taxes on the trust assets until Dorothy's death. Upon Dorothy's death, the value of the QTIP trust property was included in her estate for tax purposes.

Dorothy died in 1991. Her will made specific bequests of her personal property to her nieces, nephew and Trinity College in Washington, D.C., and also provided that ten percent of the residuary estate, or $100,000, whichever is less, was to be placed in trust for the benefit of one of her nieces. The principal of the trust was to go to Trinity College. The balance of the estate was to be divided equally between two charities—the Jesuit Seminary Guild of Milwaukee, Wisconsin, and Trinity College.

Dorothy's will contains no reference to Daniel's QTIP trust. The will contains a tax clause which provides as follows:

> I also direct my personal representative to pay expenses of administration of my estate and all valid inheritance and estate taxes *payable by reason of my death*, including any interest or penalties, without seeking reimbursement from or charging any person therefor. Any action taken by the personal representative as to such taxes shall be conclusive and binding on all persons. [Emphasis added.]

Dorothy's estate consists of $6,260,580.76 of her own separate assets and, for federal and state estate tax purposes, the entire corpus of her husband's QTIP trust, $6,634,566.48. Dorothy's estate paid the taxes due on the QTIP trust, $2,575,036.81 in federal estate tax and $612,229.17 in state inheritance tax.

The personal representative of Dorothy's estate filed a claim against the beneficiaries of the trust, alleging that pursuant to 26 U.S.C. § 2207A(a), the estate was entitled to recover the federal estate tax from the trust. The trust and the estate filed cross-motions for summary judgment. The trust argued that the tax clause in Dorothy's will should be read to waive the estate's right to reimbursement for the federal estate taxes attributable to the assets of the trust. The trial court granted the estate's motion.

Thereafter, the estate filed a petition for entry of judgment, seeking a money judgment for $2,575,036.81 and pre- and postjudgment interest. The estate also filed an amended claim, seeking reimbursement of Wisconsin estate taxes. The trust objected to both the petition for entry of judgment and the amended claim.

474

The trial court granted the petition for entry of judgment and denied the estate's request for reimbursement of Wisconsin estate taxes. The trust appeals from the judgment granting the estate reimbursement for federal estate taxes and pre- and postjudgment interest. The estate cross-appeals from the judgment denying its request for reimbursement of Wisconsin estate taxes.

■

First, we address the issues from the appeal, which arise from a summary judgment. We review a trial court's grant of summary judgment de novo. *See Weigel v. Grimmett,* 173 Wis. 2d 263, 267, 496 N.W.2d 206, 208 (Ct. App. 1992). Summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 802.08(2), STATS.

Under § 2056 of the Internal Revenue Code, a testator may transfer a terminable interest trust to a surviving spouse and may designate remainder beneficiaries and, by means of a marital deduction taken by the testator's estate, the surviving spouse, or life beneficiary can avoid payment of the federal estate taxes upon the testator's death. *See* 26 U.S.C. § 2056. Upon the life beneficiary's death, for tax purposes, the QTIP trust is included in the life beneficiary's estate. 26 U.S.C. § 2044. Section 2207A(a)(1) sets forth the general rule that an estate can recover from QTIP remainder beneficiaries the federal estate taxes attributable to the QTIP trust. 26 U.S.C. § 2207A(a)(1). However, § 2207A(a)(2) provides that this right of

recovery does not apply if the decedent "otherwise directs by will."

The first issue is whether, under 26 U.S.C. § 2207A(a)(2), Dorothy's tax clause "otherwise directs" that her estate pay the federal estate taxes. This issue is one of will construction and application of that construction to a statute. Therefore, the issue is a question of law which we review de novo. *See Mechler v. Luettgerodt*, 246 Wis. 45, 55-56, 16 N.W.2d 373, 378 (1944).

Dorothy's will directed her personal representative to "pay . . . all valid inheritance and estate taxes payable by reason of [her] death . . . without seeking reimbursement from or charging any person therefor." The estate argues that the "pay-all-taxes" clause in Dorothy's will makes no reference to the QTIP trust and therefore is not sufficient to shift the burden of taxes onto the residue of the estate. Conversely, the trust contends that this clause unambiguously directed her estate to pay taxes on the trust assets. In support of its position, the trust argues that neither federal law nor state law[1] requires "that a tax clause must contain a specific reference to the type of property or assets involved before it constitutes an 'otherwise direct[ion]' within the meaning of section 2207A(a)(2)."

---

[1] The trust contends that state law does not control on the issue of whether a tax clause, to "otherwise direct" within the meaning of 26 U.S.C. § 2207A(a), must contain a specific reference to the type of property involved. The trust also argues in the alternative that Wisconsin law does not set forth a principle requiring a specific reference. As this opinion indicates, we disagree with the trust on both points.

At the outset, we hold that whether the "pay-all-taxes" clause in Dorothy's will is an "otherwise direction" under 26 U.S.C. § 2207A(a) involves the determination of testamentary intent which is a question of state law. *Independence Bank Waukesha v. United States*, 761 F.2d 442, 444 (7th Cir. 1985). There are no Wisconsin cases applying § 2207A(a) and the Wisconsin legislature has not addressed what constitutes an "otherwise direction" clause.[2] Our research revealed only two published cases construing that section, *Estate of Miller*, 595 N.E.2d 630 (Ill. App. 1992), and *Estate of Gordon*, 510 N.Y.S.2d 815 (1986). Both cases acknowledged that the primary objective was to give effect to the testator's intent. Nonetheless, the New York court and the Illinois court arrived at opposite conclusions regarding the testator's intention in a "pay-all-taxes" clause.

In *Gordon*, the will of an income beneficiary of a QTIP trust directed that all estate taxes "imposed by any jurisdiction by reason of my death with respect to any property includable in my estate for the purpose of such taxes, whether such property passes under or outside my will be paid out of my Residuary Estate . . . ." *Gordon*, 510 N.Y.S.2d at 817. The New York court held that this clause did not constitute an "otherwise direction" for § 2207A(a) purposes. It noted that the clause was of the type used before there were QTIPs and cited

---

[2] To prevent inadvertent waivers of the § 2207A right to recover from the persons receiving the QTIP property, some state legislatures have enacted provisions requiring that any tax direction in the surviving spouse's will must refer specifically to the estate tax attributable to the QTIP trust. *See, e.g.,* MICH. COMP. LAWS ANN. § 700.133a(3); N.C. GEN. STAT. § 28A-27-2.

with approval authorities requiring the express mention of a QTIP trust in a tax exoneration clause. The basis for this requirement, the court stated, was the "presumption that most testators do not intend to apply a general tax exoneration clause to QTIP property. . . . In all construction cases, including those involving tax exoneration clauses, the Court must search for testatrix' intention." *Id.* at 818. The New York court held that there was nothing in the testatrix's will indicating an intent to exonerate the remainder beneficiaries from "contributing their share of estate taxes." *Id.* at 819.

The Appellate Court of Illinois construed a similar "pay-all-taxes" clause in *Miller*. Focusing on the language, "taxes . . . assessed by reason of my death," the Illinois court concluded that because the taxes on the QTIP property came due upon the testatrix's death, the plain and ordinary meaning of the will's language directed the testatrix's representative to pay the QTIP taxes from her estate. *Miller*, 595 N.E.2d at 633. We consider this reasoning formulaic and inconsistent with Wisconsin case law requiring that the intent to shift a tax burden be clearly indicated in a will, *see Martinson v. Kellogg-Citizens Nat'l Bank*, 49 Wis. 2d 392, 396, 182 N.W.2d 238, 240 (1971). We think the New York case, *Gordon*, is the better-reasoned approach and consistent with Wisconsin law.

■

In *Martinson*, the decedent husband had created a marital trust for his wife and a residuary trust for his children. Although the decedent's will specified that the marital trust property should receive the maximum marital deduction allowed by the *federal* estate tax law, the will did not address the effect of state inheritance taxes. Under the *Martinson* facts, Wiscon-

sin law placed the state inheritance tax burden for the marital trust on the trust. *Martinson*, 49 Wis. 2d at 395-97, 182 N.W.2d at 240-41. The issue was whether the decedent's will shifted the Wisconsin inheritance tax burden from the marital trust to the residuary trust. Our supreme court held that it did not and provided the following reasoning:

> It has long been the basic rule in this state that the intention to shift this tax burden from a beneficiary to another person or to the estate must be expressed in clear language and in case of doubt as to the meaning of the will, the tax burden should be left where the law places it.
>
> The shifting of the tax burden from one beneficiary to another is so important that it should not be left to implication. . . . The general view is that a will should contain specific provisions relating to the payment of taxes if it is intended that the tax burden should fall differently than as provided by law.

*Martinson*, 49 Wis. 2d at 396, 182 N.W.2d at 240 (citations omitted). Thus, we hold that under *Martinson*, a tax clause must specifically direct the payment of estate taxes on nonprobate property before that property is exempt from payment.

Here, Dorothy's will made no reference to the QTIP property. Her will directs her personal representative to pay all taxes "payable by reason of [her] death." Although Dorothy's direction did not contain specific language limiting payment of taxes to taxes on property passing by her will, we are persuaded that this language refers to the taxes payable only on transfers made by reason of Dorothy's death and therefore passing by the will. The QTIP property transferred by reason of Daniel's death and not Dorothy's death; Doro-

thy had no control whatsoever over the disposition of that property.

Moreover, we need only look to the four corners of Dorothy's will to conclude that her will shows no intention to benefit Daniel's remainder beneficiaries at the expense of her own bequests. If Dorothy's estate was to shoulder the tax burden for the trust, no funds would remain to satisfy her bequests.[3] Testamentary intent is to be ascertained from the language of the will itself, in light of the circumstances surrounding the testatrix at the time of its execution. *Mahon v. Security First Nat'l Bank*, 56 Wis. 2d 171, 176, 201 N.W.2d 573, 575 (1972). We consider the whole will when determining testamentary intent. *See id.* at 176-77, 201 N.W.2d at 575. Here, we see no reason why the "pay-all-taxes" clause should be construed to pay the estate taxes on property passing to the remainder beneficiaries of the QTIP trust property by reason of Daniel's death—Dorothy made no mention of them in her will.

The parties dispute whether the tax clause was ambiguous and, therefore, whether we can look to extrinsic evidence to determine testamentary intent.[4] However, that point is now made moot by our holding that a specific reference to nonprobate property is required.

---

[3] The federal tax burden on Dorothy's estate would be $5,012,189.27 and the state inheritance tax due would be $1,478,068.83, for a total tax liability of $6,490,258.10.

[4] The trial court held that the tax clause was ambiguous. However, we can affirm for reasons other than those of the trial court. *See State v. Holt*, 128 Wis. 2d 110, 124, 382 N.W.2d 679, 687 (Ct. App. 1985).

■

The second issue raised in the appeal is whether the trial court erred when it entered a money judgment, together with pre- and postjudgment interest. The issue of whether the estate was entitled to a money judgment and to pre- and postjudgment interest is an issue of law which we review de novo. *See Production Credit Ass'n v. Jacobson*, 131 Wis. 2d 550, 555-56, 388 N.W.2d 655, 657 (Ct. App. 1986).

■

The trust contends that the judgment was inappropriate because the estate's claim and motion for summary judgment sought only declaratory relief as to who should bear the taxes attributable to the trust assets, not money damages and interest. We disagree with the trust's contention. The estate filed a Contingent Claim Against Beneficiaries of the Daniel H. Cooney Testamentary Trust, as Beneficiaries and Individually. The claim stated that it was contingent because the probate of the estate had been recently initiated and the exact amount of taxes had not been determined. The claim asked the trial court to "direct the Marital Trust Beneficiaries to reimburse the Estate as required by Internal Revenue Code Section 2207A(a)." We hold that a fair reading of this pleading asks the trial court for money damages by its request for reimbursement. The claim sets forth its reason for not specifying the sum of money requested—the estate had not yet been probated. The amount of taxes due was subsequently determined and paid. Thus, we conclude that the failure to request a sum certain was not fatal to the estate's claim for money damages.

The trust further argues that a money judgment should have been delayed because "the federal estate taxes in issue are the subject of a pending Internal

Revenue Service audit, that issues exist regarding overpayment of estate tax and that the Internal Revenue Service ultimately will determine the amount of taxes due." However, we agree with the estate's contention that, under 26 U.S.C. § 2207A(a)(1), the estate was entitled to recover the total tax attributable to the QTIP trust "which has been paid." There is no language in the statute from which we could conclude that an estate must wait to see if an IRS audit is to be conducted and then wait for audit results before seeking a judgment. The statute clearly refers to the tax "which has been paid." 26 U.S.C. § 2207A(a)(1). If ultimately there is an adjustment to the estate's federal tax liability for overpayment, the trust can bring a § 806.07, STATS., motion requesting relief from the judgment.

Thus, because the tax amount is a liquidated amount easily ascertainable and from which interest can be easily computed, we hold that the award of prejudgment interest was appropriate. *See Kleinschmidt v. Aluminum & Bronze Foundry, Inc.*, 274 Wis. 231, 235, 79 N.W.2d 802, 805 (1956). We also hold that postjudgment interest was appropriate because it was assessed on a "judgment . . . for the recovery of money." Section 814.04(4), STATS. Section 814.04(4) provides that "if the judgment is for the recovery of money, interest at the rate of 12% per year from the time of verdict . . . until judgment is entered shall be computed by the clerk and added to the costs."

## CROSS-APPEAL

The estate cross-appeals on the issue of who bears the Wisconsin estate tax burden for a QTIP trust. The estate argues that our review here is under summary

judgment methodology, and the trust does not dispute this.[5] Thus, we address this issue de novo. *See Weigel*, 173 Wis. 2d at 267, 496 N.W.2d at 208.

There is no Wisconsin case law directly addressing the issue of liability for the Wisconsin estate tax, and the estate tax statute does not specifically address the issue. However, we read the applicable statutes and the case law construing the former inheritance tax statute to support imposing the tax liability onto the trust.

At the time of Dorothy's death, Wisconsin statutes imposed an inheritance tax on the person receiving property, §§ 72.01-72.35, STATS., 1989-90, and an estate tax "upon the transfer of all property subject to a federal estate tax," § 72.61, STATS., 1989-90.[6] Section 72.62, STATS., provides that liability for the estate tax "is imposed upon the same persons in the same manner as under [the inheritance tax provision,] s. 72.21 . . .." Section 72.21(1), STATS.,[7] provides that each "personal representative, special administrator, and trustee of a trust in existence and containing property on the date of the decedent's death, is severally liable for the tax

---

[5] Although the judgment cross-appealed from is not entitled "summary judgment," the record indicates that the trial court based its decision on the affidavits, pleadings and the parties' legal arguments.

[6] All references to ch. 72, STATS., will be to the 1989-90 statutes unless otherwise indicated.

[7] The trust argues that 72.21, STATS., "does not allocate the ultimate burden for the payment of estate taxes." The trust contends that the word "liability" refers only to the person initially responsible for paying the tax, not to who ultimately bears the tax burden. However, the trust offers no authority for that interpretation of "liability" and we know of none.

imposed by this subchapter ...."[8] It is not disputed that the QTIP trust here was in existence and contained property on the date of Dorothy's death. Thus, we hold that the plain meaning of this section imposes tax liability on the trustee of the trust.

Furthermore, Wisconsin case law construing the inheritance tax provision supports this interpretation. In *McGillivray v. Langill*, 16 Wis. 2d 489, 492, 114 N.W.2d 831, 833 (1962), our supreme court stated that the "Wisconsin inheritance tax is not a tax upon property but upon the right to receive property. Hence, the burden of the tax must rest upon the person receiving property unless the testator (or testatrix) has made some other provision in his (her) will." (Footnote omitted.) In *Martinson*, our supreme court stated that the Wisconsin "inheritance tax is not a tax upon the right to give measured by the amount of the estate ... but is a tax upon the right to receive ...." *Martinson*, 49 Wis. 2d at 395, 182 N.W.2d at 240. Here, it was the QTIP beneficiaries receiving the property, not Dorothy's estate. Thus, under *Martinson, McGillivray* and § 72.62, STATS., the Wisconsin estate tax burden should be imposed on the trust. We reverse the trial court on this issue and remand for proceedings consistent with this opinion.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

■■■■■■■■■

------

[8] Both the trust and the estate concede that the word "decedent" in this section refers to Dorothy and not Daniel.