IN the MATTER OF the MARITAL TRUST CREATED UNDER
the WILL OF Daniel H. COONEY, Deceased:

FIRSTAR TRUST COMPANY, Trustee of the Marital Trust,
Petitioner-Appellant-Cross Respondent-Petitioner,

v.

FIRST NATIONAL BANK OF KENOSHA, Personal
Representative of the Estate of Dorothy B. Cooney,
Claimant-Respondent-Cross Appellant.

Supreme Court

*No. 93–2508. Oral argument October 3, 1995.—Decided
December 21, 1995.*

(Also reported in 541 N.W.2d 467.)

For the petitioner-appellant-cross respondent-petitioner there were briefs by *Allan E. Iding, Barbara J. Janaszek, Philip J. Halley* and *Whyte Hirschboeck Dudek, S.C.*, Milwaukee and oral argument by *Philip J. Halley.*

For the claimant-respondent-cross appellant there was a brief by *Andrew J. Willms* and *Willms Anderson, S.C.* and *Christopher T. Kolb* and *Halling & Cayo, S.C.*, of counsel, all of Milwaukee and oral argument by *Andrew J. Willms.*

JON P. WILCOX, J. This is a review of a published decision by the court of appeals which affirmed in part and reversed in part a judgment entered on September 24, 1993, in the Circuit Court for Kenosha County, Mary Wagner-Malloy, Judge. *See Firstar Trust Company v. First National Bank of Kenosha,* 188 Wis. 2d 468, 525 N.W.2d 53 (Ct. App. 1994). The court of appeals affirmed the portion of the judgment awarding the cross-appellant First National Bank of Kenosha, as Personal Representative for the Estate of Dorothy B. Cooney (Estate), reimbursement pursuant to 26 U.S.C. § 2207A of federal estate taxes and interest from the cross-respondent-petitioner Firstar Trust Company, Trustee (Trust), from the qualified terminable interest property (QTIP) Marital Trust created under the will of Daniel H. Cooney. It reversed that portion of the judgment denying the Estate's claim for reimbursement of Wisconsin estate taxes.

487

On review before this court, Firstar, as trustee for the QTIP trust, raises two issues for our consideration. The first issue is whether a pay-all-taxes clause in Dorothy Cooney's will constitutes an "otherwise direct[ion]" within the meaning of 26 U.S.C. § 2207A(a)(2) such that the Estate would not be reimbursed for payment of the federal estate taxes attributable to the inclusion of the trust assets in Dorothy Cooney's estate. We affirm the court of appeals' holding that Dorothy Cooney's direction in her will to pay "all valid inheritance and estate taxes by reason of my death" cannot, under Wisconsin law, be construed as a direction to pay inheritance and estate taxes on the QTIP trust property, and that her estate may recover the federal estate tax from the Trust. *Firstar Trust*, 188 Wis. 2d at 472, 525 N.W.2d at 54.

To preserve finality and ensure certainty in cases of will construction and the administration of trusts and estates, we further adopt the rule that unless the testator's intention to shift the tax burden on a QTIP trust is clearly expressed, a general pay-all-taxes clause will not constitute an "otherwise direct[ion]" for § 2207A(a)(2) purposes. The Estate's right to reimbursement under 26 U.S.C. § 2207A(a)(1) therefore remains intact.

The second issue before this court is whether the Estate is entitled to reimbursement from the Trust for Wisconsin estate taxes. The court of appeals reversed the circuit court's finding that the Estate was not so entitled, and concluded that the applicable statutes and case law construing the former inheritance tax statute supported imposing the tax liability onto the Trust. *Id.* at 483, 525 N.W.2d at 58. We hold that the Estate is not entitled to reimbursement of Wisconsin

estate taxes, and reverse the court of appeals on this issue.

## I. FACTS

The relevant facts are not in dispute. Daniel H. Cooney died on May 1, 1986. In accordance with his Last Will and Testament, a marital trust was created wherein his surviving spouse, Dorothy B. Cooney, received all of the trust income for life and also received principal for her health, support, and maintenance. Mr. Cooney's will directed that upon termination of the marital trust, all accrued and accumulated income from the trust was to be distributed to his wife's estate and the principal disbursed in equal shares to several cousins, as remainder beneficiaries. For federal estate tax purposes, Dorothy Cooney and Firstar Trust Company, as personal representative for Mr. Cooney, elected QTIP treatment under 26 U.S.C. § 2056(b)(7) for the assets passing to the trust. Due to this election, no federal or state estate tax was due at the time of Mr. Cooney's death. *See* 26 U.S.C. § 2056(b)(7). The taxes were deferred until Dorothy Cooney's death, at which point the value of the QTIP trust property was included in her estate, for tax collection purposes. *See* 26 U.S.C. § 2044.

Dorothy Cooney died on December 13, 1991. Her will provided for the distribution of tangible personal property to Trinity College, three nieces and a nephew. Article IV of the will directed that 10% of the residuary estate, or $100,000, whichever is less, was to be placed in a trust for the benefit of her niece, Ms. Jane Billings. Article V of the will provided that the remaining balance was to be divided equally between two charities, the Jesuit Seminary Guild of Milwaukee, Wisconsin, and Trinity College, Washington, D.C.

489

The will did not make any express reference to Daniel Cooney's QTIP trust, nor did it mention 26 U.S.C. §§ 2044, 2056(b)(7) or 2207A, which governs the tax deferral and collection aspects of QTIP trusts.

Article I of the will provided a general pay-all-taxes clause which contained the following instruction:

> I also direct my personal representative to pay expenses of administration of my estate and all valid inheritance and estate taxes payable by reason of my death, including any interest or penalties, without seeking reimbursement from or charging any person therefor. Any action taken by the personal representative as to such taxes shall be conclusive and binding on all persons.

Dorothy Cooney's estate consists of $6,260,580.76 of her own, separate assets. In addition, as a result of the QTIP treatment of the trust assets, for federal estate tax purposes, the entire corpus of the QTIP trust, totalling $6,634,566.48, is treated as though it is part of Dorothy Cooney's taxable estate. *Firstar Trust*, 188 Wis. 2d at 474, 525 N.W.2d at 55. Therefore, the total value of her gross estate was $12,895,147.24. The $2,575,036.81 in federal estate tax and $612,229.17 in state estate tax due on the QTIP trust, was paid by Dorothy Cooney's estate. *Id.*

Pursuant to 26 U.S.C. § 2207A(a), the personal representative of Dorothy Cooney's estate filed a contingent claim against the trust beneficiaries, alleging that the Estate is entitled to recover from the Trust the federal estate taxes payable by reason of the QTIP trust assets included in Dorothy Cooney's gross estate. *Id.* The Estate and the Trust filed cross-motions for summary judgment. The Trust argued that the tax clause in Dorothy Cooney's will clearly and unambigu-

ously directed the payment of all estate taxes payable by reason of her death, and directed the personal representative to waive the Estate's right of reimbursement for such taxes attributable to assets of the trust. The Estate argued that the tax clause could not be read to direct against seeking reimbursement from the Trust because it does not contain a specific reference to the trust assets and, if so read, would be inconsistent with the decedent's overall distribution plan. The circuit court granted the Estate's motion.

Shortly thereafter, the Estate filed a petition for entry of judgment, seeking a money judgment for $2,575,036.81 plus pre-and postjudgment interest. *Id.* Further, the Estate filed an amended claim, seeking reimbursement of Wisconsin estate taxes. The Trust objected to both actions. Following a hearing, the circuit court granted the petition for entry of judgment and denied the Estate's request for reimbursement of Wisconsin estate taxes. *Id.* at 475, 525 N.W.2d at 55. The Trust appealed from the judgment granting the Estate reimbursement for federal estate taxes plus pre-and postjudgment interest. The Estate cross-appealed from the judgment denying its request for reimbursement of Wisconsin estate taxes.

On October 26, 1994, the court of appeals issued an opinion affirming the judgment ordering the Trust to reimburse the Estate for federal estate tax, together with pre-and postjudgment interest, and reversing the judgment denying the Estate's amended claim for reimbursement of Wisconsin estate tax. In reaching this conclusion, the court of appeals cited *Estate of Bauknect*, 49 Wis. 2d 392, 182 N.W.2d 238 (1971), holding that as a matter of Wisconsin law, a tax payment clause must specifically direct the payment of estate taxes on "nonprobate property" before that property is

491

exempt from payment of estate taxes. *Firstar Trust*, 188 Wis. 2d at 479, 525 N.W.2d at 57. With respect to the claim for reimbursement of Wisconsin estate tax, the court of appeals, citing an excerpt from the former inheritance tax statute, Wis. Stat. § 72.21(1) (1989-90), reversed the circuit court and held that Wisconsin estate tax, like inheritance tax, must be apportioned among the recipients of the property. *Id.* at 483-84, 525 N.W.2d at 58.

■ The two issues presented to this court arise from the parties' motions for summary judgment. We review a circuit court's grant of summary judgment de novo. *Seaquist v. Physicians Ins. Co. of Wisconsin, Inc.*, 192 Wis. 2d 530, 531 N.W.2d 437 (Ct. App. 1995); *Weigel v. Grimmett*, 173 Wis. 2d 263, 267, 496 N.W.2d 206, 208 (Ct. App. 1992). Pursuant to Wis. Stat. § 802.08(2) (1993-94), summary judgment must be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Swatek v. County of Dane*, 192 Wis. 2d 47, 531 N.W.2d 45 (1995); *Bauernfeind v. Zell*, 190 Wis. 2d 701, 528 N.W.2d 1 (1995).

## II. FEDERAL TAXES

A determination of what constitutes an "otherwise direct[ion]" under 26 U.S.C. § 2207A(a)(2) requires this court to analyze the language within the Internal Revenue Code. The Economic Recovery Tax Act of 1981 extended the marital deduction to property in Qualified Terminable Interest Property, or QTIP trusts. *See* 26 U.S.C. § 2056(b)(7). Under a QTIP trust, the surviving spouse does not receive outright the trust assets,

nor are such assets subject to their power and direction. Rather, a QTIP trust gives a surviving spouse all the income from the trust property during her life and, upon the surviving spouse's death, the remaining assets are distributed to remainder beneficiaries originally named in the trust instrument.

The election of QTIP treatment under 26 U.S.C. § 2056(b)(7) allows the surviving spouse, by means of a marital deduction taken by the testator's estate, to avoid payment of the federal estate taxes upon the testator's death. 26 U.S.C. § 2044 requires that upon the surviving spouse's death however, the QTIP trust is included in her estate for taxing purposes. Federal law imposes personal liability on a personal representative for the payment of federal estate taxes, whether such taxes are attributable to probate or non-probate property. 26 U.S.C. § 2002; Treas. Reg. § 20.2002-1; *see generally* Jeffrey N. Pennell, *Tax Payment Provisions and Equitable Apportionment*, ALI-ABA Course of Study: Estate Planning in Depth 869, 880 (June 19, 1994) (WL C920 ALI-ABA 869, 880).

In order to relieve the onerous burden on a decedent's estate of having to pay federal estate taxes on property neither owned by the survivor nor subject to the survivor's power, control, or direction, Congress has provided the general rule that an estate can recover from QTIP remainder beneficiaries the federal estate taxes attributable to the QTIP trust. *See* § 2207A(a)(1). However, § 2207A(a)(2) provides that this right of recovery does not apply if the decedent "otherwise directs by will."[1]

---

[1] The text of 26 U.S.C. § 2207A(a) states as follows:

(a) **Recovery with respect to estate tax.**—

The first issue we consider is whether, under 26 U.S.C. § 2207A(a)(2), Dorothy Cooney's tax clause "otherwise directs" that her estate shall pay the federal estate taxes. *Firstar Trust*, 188 Wis. 2d at 476, 525 N.W.2d at 55. This issue is one of will construction and application of that construction to a statute. In the present case, there is no dispute regarding the written instrument, and thus, we are presented with a question of law and not of fact. We therefore employ a de novo standard of review. *Id.; see also Mechler v. Luettgerodt*, 246 Wis. 45, 55, 16 N.W.2d 373, 378 (1944).

The general tax exoneration clause utilized in Dorothy Cooney's will directed her personal representative to "pay . . . all valid inheritance and estate taxes payable by reason of [her] death . . . without seeking reimbursement from or charging any person therefor." *Firstar Trust*, 188 Wis. 2d at 476, 525 N.W.2d at 55. The narrow issue in this case, therefore, is whether this language waived the claim for reimbursement.

The Trust argues that this clause unambiguously directed Dorothy Cooney's personal representative to

(1) **In General.**—If any part of the gross estate consists of property the value of which is includible in the gross estate by reason of section 2044 (relating to certain property for which marital deduction was previously allowed), the decedent's estate shall be entitled to recover from the person receiving the property the amount by which—

(A) The total tax under this chapter which has been paid, exceeds

(B) The total tax under this chapter which would have been payable if the value of such property had not been included in the gross estate.

(2) **Decedent may otherwise direct by will**—Paragraph (1) shall not apply if the decedent otherwise directs by will.

pay taxes on the trust assets without seeking reimbursement, as provided by § 2207A(a)(2). The Trust asserts that neither federal law nor state law requires "that a tax clause must contain a specific reference to the type of property or assets involved before it constitutes an 'otherwise direct[ion]' within the meaning of § 2207A(a)(2)."[2] *Id.*, 525 N.W.2d at 56. The Trust asserts that Congress knew how to require specificity in waiving an estate's right of recovery for federal estate taxes, and argues that if Congress had intended to require specificity in § 2207A, it would have included the appropriate language within the Internal Revenue Code. The Estate, on the other hand, maintains that the tax clause contained in the will makes no specific reference to the QTIP trust and therefore is not sufficient to shift the tax burden onto the residue of the estate. *Id.*

The rules for construction of provisions in a will are clearly established in Wisconsin. "The paramount object of will construction is the ascertainment of the testatrix's intent." *Estate of Ganser*, 79 Wis. 2d 180, 186, 255 N.W.2d 483, 486 (1977). The determination of

---

[2] The Trust notes that Congress has twice attempted to modify the waiver provision of § 2207A to include a revocable trust option and to clarify the necessity in an "otherwise direct[ion]" for a specific reference to the section. These changes were included in both the Tax Simplification Act of 1991 (H.R. 2777) and the Revenue Act of 1991 (H.R. 11), both of which were vetoed (for unrelated reasons) by the President. The Trust relies on the Technical Explanation to the Tax Simplification Act of 1993 which states that "a will provision specifying that all taxes shall be paid by the estate is presently sufficient to waive the right of recovery." However, as noted by the circuit court, a committee report is not intended to be an explanation of the legislative intention motivating new legislation. *See Merton's Law of Federal Income Taxation*, at § 3.18 (1991).

testamentary intent is a question of state law. *Independence Bank Waukesha v. United States*, 761 F.2d 442, 444 (7th Cir. 1985). When considering the language of the will, the words must be given their common and ordinary meaning unless something in the will suggests otherwise. *Will of Buchanen*, 213 Wis. 299, 301, 251 N.W. 250, 250-51 (1934). Unambiguous language in a will must be given effect as it is written without regard to the consequences. *Estate of Berry*, 29 Wis. 2d 506, 139 N.W.2d 72 (1966).

The federal tax system regularly looks to state laws for application of a variety of provisions of the tax code,[3] and § 2207A(a)(2) is no exception. There are no Wisconsin cases interpreting what constitutes an "otherwise direct[ion]" clause under § 2207A(a)(2), nor has the state legislature addressed the issue.[4] A number of jurisdictions have considered whether a general pay-

---

[3] *See Pyle v. United States*, 766 F.2d 1141, 1143 (7th Cir. 1985), *cert. denied*, 475 U.S. 1015 (1986) (federal gift tax statute looks to state law to determine if a gift has been made); *First Wisconsin Trust Company v. United States*, 553 F.Supp. 26, 29 (E.D. Wis. 1982) (same); *Weiner's Estate v. United States*, 235 F.Supp. 919, 920 (E.D. Wis. 1964) (whether widow has a terminable interest in property for federal estate tax purposes is determined in accordance with state law); *see also Riggs v. Del Drago*, 317 U.S. 95, 97-98 (1942) (Congress intended state law to govern ultimate impact of federal estate taxes).

[4] The court of appeals correctly noted that to prevent inadvertent waivers of the § 2207A right to recover from the persons receiving the QTIP property, some state legislatures have enacted provisions requiring that any tax direction in the surviving spouse's will must refer specifically to the estate tax attributable to the QTIP trust. *See, e.g.*, Mich. Comp. Laws Ann. § 700.133a(3); N.C. Gen. Stat. § 28A-27-2; Ohio Rev. Code Ann. § 2113.86(I); and N.Y. Est. Powers & Trust Law § 2-1.8(d-1). *Firstar Trust*, 188 Wis. 2d at 477 n.2, 525 N.W.2d at 56 n.2.

all-taxes provision which makes no reference to non-probate property is sufficient to shift the burden of taxes which would otherwise be payable by the recipients of that property. *See* Maurice T. Brunner, Annotation, *Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes*, 69 A.L.R.3d 122, 269-72 (1976).[5] An examination of case law reveals two cases in which courts have taken one of two alternative approaches to construing a testator's intentions in a general pay-all-taxes clause.

The first case we review is *Estate of Gordon*, 510 N.Y.S.2d 815 (1986), which the Estate cites in support of its position. In *Gordon*, the testatrix's will created a residuary trust for his wife's benefit, and upon her death, directed the remainder of the trust to be distributed in equal shares among four sisters. Mr. Gordon's executrices elected to treat 80% of the residuary trust as a QTIP trust eligible for the marital deduction. *Id.* at 817.

---

[5] Two fundamental positions have emerged with respect to this question of shifting tax burdens on non-probate property. One view is that a pay-all-taxes clause is sufficient to shift the burden of estate taxes attributable to non-probate property to the probate estate, even if there is no reference to the non-probate property in the tax clause; *see* Brunner, 69 A.L.R.3d at 269-70, and cases cited therein. The second view dictates that a general direction to pay all taxes from the residuary estate is not sufficient to shift the burden of estate taxes which would otherwise fall on non-probate property under applicable law. *Id.* at 270-71; *see, e.g., In re Will of Hammer*, 362 N.Y.S.2d 753, 760 (1974) ("Absent a clearly expressed intent by testator that non-testamentary gifts are exonerated from the payment of estate taxes, they must bear their apportioned share of such taxes . . . .")

The residuary clause in Mrs. Gordon's will disposed of the bulk of her estate to the Albert Einstein College of Medicine. The will contained a general tax clause similar to the one at issue:

> I direct that all Estate inheritance and death taxes (including any interest and penalties) imposed by any jurisdiction by reason of my death with respect to any property includable in my estate for the purpose of such taxes, whether such property passes under or outside my will be paid out of my Residuary Estate as an administration expense, without apportionment.

*Id.*

The issue in the *Gordon* case was whether this clause in Mrs. Gordon's will constituted a direction by the decedent for her estate to waive its right to reimbursement for estate taxes attributable to the QTIP trust. Recognizing that its primary task was to search for the testatrix's intention, the New York court held that this clause did not constitute an "otherwise direct[ion]" for § 2207A(a)(2) purposes, stating that "[t]here is nothing in Mrs. Gordon's will that evidences an intention to exonerate her four sisters-in-law from contributing their share of estate taxes. There are, however, in her will some indicia of an intention not to exonerate these remaindermen."[6] *Id.* at 819.

The *Gordon* court recognized that the language in issue was "one of the formbook examples of tax exoneration clauses that evolved before there were QTIPs."

---

[6] Reviewing Mrs. Gordon's will in its entirety, the court felt that it was "not conceivable that she would exonerate the trust from contributing its share of estate taxes recognizing that by doing so she would totally wipe out her residuary gift to charity." *Gordon*, 510 N.Y.S.2d at 819.

*Id.* at 818. The court recommended that specific reference be made to QTIP's in drafting such clauses, noting that "the basis for requiring express mention of a QTIP trust is the presumption that most testators do not intend to apply a general tax exoneration clause to QTIP property." *Id.*

The Trust urges this court to follow the reasoning of the second case to construe a similar tax clause, *Estate of Miller*, 595 N.E.2d 630 (Ill. App. 1992), a decision by the Appellate Court of Illinois.[7] In that case, Mr. Miller created a residuary trust for the benefit of his wife, Adele, during her lifetime. Upon his death, Mr. Miller's estate elected to qualify the value of the marital trust assets as QTIP property so as to be eligible for the marital deduction under 26 U.S.C. § 2056. *Miller*, 595 N.E.2d at 631. The language of the tax exoneration clause contained in Adele's will read as follows: *"I direct my Personal Representative . . . to pay all of my legal debts . . . without reimbursement or contribution, all estate taxes, inheritance taxes, death taxes and succession duties assessed by reason of my death . . . . " Id.* (Emphasis added.)

In its analysis, the court noted that "if the tax exoneration clause in Adele's will were given its plain and ordinary meaning and the disputed taxes had to be paid out of her estate, the estate would be exhausted." *Id.* at 633. However, the court held that the tax exoneration clause, by its clear and unambiguous terms, was sufficient to require Adele's estate to pay the estate

---

[7] The Estate argues that the relevance of *Miller* is questionable, given the significant differences in Illinois and Wisconsin probate law. Illinois has adopted the doctrine of equitable apportionment of death taxes, *In re Estate of Gowling*, 411 N.E.2d 266 (Ill. 1980), while Wisconsin has not. *Will of Uihlein*, 264 Wis. 362, 59 N.W.2d 641 (1953).

taxes attributable to the QTIP property, without reimbursement. In reaching this conclusion, the court further stated that "[a] court may not distribute a testator's estate according to its own sense of equity and justice. What matters is the testator's intent as expressed in the will, and what Adele's will says here is that her estate is to pay the tax." *Id.* (Citations omitted.)[8]

We agree with the court of appeals' holding in the present case that the *Miller* reasoning is both "formulaic and inconsistent with Wisconsin case law requiring that the intent to shift a tax burden be clearly indicated in a will." *Firstar Trust,* 188 Wis. 2d at 478, 525 N.W.2d at 56. We find the New York court's decision in *Gordon* to be consistent with common law precedent in this state regarding the strict construction of wills, and an expressed reluctance to shift tax burdens in the absence of a clear and specific indication of testamentary intent. *See Will of Cudahy,* 251 Wis. 116, 28 N.W. 340 (1947).

The *Cudahy* case involved property passing under an inter vivos trust, the terms of which directed the

---

[8] A third case to consider the issue of the specificity requirement in a tax exoneration clause for QTIP property was *Estate of Winkler,* File No. 91-2099-CPM, 15th Judicial Circuit of Florida, Probate Division, 1992. The court focused on the issue of whether a tax clause in Mrs. Winkler's will constituted an "otherwise direct" provision under 26 U.S.C. § 2207A(a)(2). Holding that specific reference to section 2207A was not required, the court rejected the reasoning of *Gordon,* stating that "[i]f we expect people within our society to communicate one to another employing the English language, courts must, by necessity, interpret these words as commonly accepted by our populace. Otherwise, sheer chaos will result in the interpretation of any communication." *Id.* at 5-6.

trustee to pay all inheritance taxes on the trust property. The question for the court was whether the testator had "intend[ed] that the executors should pay the Wisconsin inheritance tax attributable to the transfer of his interest in the trust estate and to absolve the trustee of such payment." *Cudahy*, 251 Wis. at 119, 28 N.W. at 342. The court found that a clause in Mr. Cudahy's will directing his executors to pay all inheritance and estate taxes should not be construed to include payment of inheritance taxes on trust property not passing under the will, since there was no intent otherwise demonstrated in the will to provide for the beneficiaries of the trust estate:

> We see no reason why the direction to the executors should be construed to include the payment of inheritance taxes on property not passing under the will . . . . There is no intent otherwise manifest in the will to provide for the beneficiaries of the trust estate. And such an intent should not be spelled out of the direction to pay taxes where it will result in diminishing the estate of those for whom the testator intended to provide.

*Id.* at 120-21, 28 N.W. at 342. Thus, we concluded that the general direction to pay all taxes from the residuary estate was not sufficient to shift the tax burden to the estate.

The holding in *Cudahy* was later restated in *Estate of Bauknecht*, 49 Wis. 2d 392, 182 N.W.2d 238 (1971). In that case, the testator had created both a marital trust for his wife and a residuary trust for his children. The facts of the case as applied to Wisconsin law dictated that the state inheritance tax burden for the marital trust would be placed on the trust. *Bauknecht*, 49 Wis. 2d at 395, 182 N.W.2d at 239-40. The issue for

501

the court was whether the Wisconsin inheritance tax assessed on the marital trust was to be paid from the assets of that trust or from the assets of the estate. We held that the tax assessment was to be borne by the marital trust, and noted the following:

> It has long been the basic rule in this state that the intention to shift this tax burden from a beneficiary to another person or to the estate must be expressed in clear language and in case of doubt as to the meaning of the will, the tax burden should be left where the law places it.
>
> The shifting of the tax burden from one beneficiary to another is so important that it should not be left to implication . . . Circumstances of each case in the light of the testator's plan of distribution must be considered . . . The general view is that a will should contain specific provisions relating to the payment of taxes if it is intended that the tax burden should fall differently than as provided by law.

*Id.* at 396, 182 N.W.2d at 240 (citations omitted); *see also Firstar Trust*, 188 Wis. 2d at 479, 525 N.W.2d at 57.

Finally, in *Estate of Joas*, 16 Wis. 2d 489, 114 N.W.2d 831 (1962), this court considered the question of allocation of inheritance taxes where property owned in joint tenancy by the decedent passed outside the will to the surviving joint tenants. Paragraph two of the decedent's will provided that: *"[A]ll estate, inheritance, succession, legacy, and other death duties, or taxes, of any nature which may be assessed or imposed upon, or with respect to property passing under this will shall be paid out of my residuary estate as part of the expenses of administration and with no right of reimbursement."* *Id.* at 490, 114 N.W.2d at 832 (emphasis added). Absent a provision containing specific reference to the joint

tenancy property, we determined that "[n]o clear indication is revealed relative to the payment of death taxes on the joint property and the tax burden must therefore be left where the law has placed it." *Id.* at 491, 114 N.W.2d at 833.

This court's decision in *Cudahy, Bauknecht,* and *Joas* therefore support the general principle that in Wisconsin, "[i]n the absence of a clear indication of contrary intent, the burden of paying the death taxes is left where the law places it." *Joas,* 16 Wis. 2d at 491, 114 N.W.2d at 833.[9] The requirement of specificity decreases the potential for tax clause ambiguity and makes resort to extrinsic evidence to reveal intent unnecessary, thereby alleviating uncertainty for fiduciaries in the administration of trusts and estates.

"Testamentary intent is to be ascertained from the language of the will itself, in light of the circumstances surrounding the testatrix at the time of its execution." *Firstar Trust,* 188 Wis. 2d at 480, 525 N.W.2d at 57 (citing *Mahon v. Security First Nat'l Bank,* 56 Wis. 2d 171, 176, 201 N.W.2d 573, 575 (1972)). The language of the tax clause in Dorothy Cooney's will directing her personal representative to "pay . . . all valid inheritance and estate taxes payable by reason of my death . . . without seeking reimbursement from or charging any person therefor" is representative of the form book clause which this court has found to be incapable of shifting a tax burden. Her will made no express reference to her husband's QTIP trust or to § 2207A of the

---

[9] The Trust argues that these cases are not instructive because they involve the former inheritance tax scheme. However, we rely on our decision in these cases to support the general principle in will construction that the shifting of a tax burden to somewhere other than where the law has placed it, requires a clearly expressed indication of intent by the testator.

503

Internal Revenue Code, nor does it express any indication of an intention to benefit the beneficiaries of the QTIP trust, or exonerate them from contributing their share of the estate taxes. In fact, there is no mention of the trust beneficiaries anywhere in her will.

We agree with the court of appeals' finding that "[a]lthough Dorothy [Cooney's] direction did not contain specific language limiting payment of taxes to taxes on property passing by her will, we are persuaded that this language refers to the taxes payable only on transfers made by reason of Dorothy [Cooney's] death and therefore passing by the will." *Firstar Trust*, 188 Wis. 2d at 479, 525 N.W.2d at 57. A review of Dorothy Cooney's will reveals no clear indication of an intent to benefit her husband's remainder beneficiaries at the expense of her specific bequests to family and charity,[10] and the tax burden must therefore be left where the law has placed it.

█

Accordingly, this court concludes that the pay-all-taxes clause in Dorothy Cooney's will does not "otherwise direct," as required by 26 U.S.C. § 2207A(a)(2), to exonerate the beneficiaries of the QTIP trust from contributing their share of the estate taxes. We find that the Estate is therefore entitled to recover from the Trust the federal estate taxes attributable to the inclu-

---

[10] If the Trust's tax burden were to be borne by the Estate, no funds would remain in the residuary estate to satisfy Dorothy Cooney's charitable bequests. The federal tax burden on Dorothy's estate would be $5,012,189.27 and the Wisconsin estate tax due would be $1,478,068.83, for a total tax liability of $6,490,258.10. The payment of such taxes would require the liquidation of all estate assets, such that neither the charitable beneficiaries nor the specific legatees will receive anything from the estate.

sion of the QTIP trust assets in Dorothy Cooney's estate.

## III. STATE TAXES

The second issue raised for our consideration requires us to determine who bears the Wisconsin estate tax burden for a QTIP trust. This question also arises from summary judgment, and our review of this question of law is therefore de novo.[11] *See Weigel*, 173 Wis. 2d at 267, 496 N.W.2d at 208; *Post v. Schwall*, 157 Wis. 2d 652, 656, 460 N.W.2d 794, 795-96 (1990).

The Trust argues that the court of appeals confused the Wisconsin estate tax with the former inheritance tax statute, and mistakenly relied on case law regarding who should bear the burden of inheritance taxes to decide the estate tax issue. At the time of Dorothy Cooney's death, Wisconsin imposed an estate tax upon the transfer of all property subject to a federal estate tax, Wis. Stat. § 72.61 (1989-90),[12] and an inheritance tax on the person receiving property, §§ 72.01-72.35. *See Firstar Trust*, 188 Wis. 2d at 483, 525

---

[11] The court of appeals noted that the parties did not dispute that this issue is reviewed under summary judgment methodology. The Estate cross-appealed from the circuit court's decision on summary judgment that the Estate was not entitled to reimbursement from the marital trust beneficiaries for the federal estate tax attributable to the marital trust. Although the judgment cross-appealed from by the Estate is not designated "summary judgment," the record indicates that the circuit court based its decision on the affidavits, pleadings and the parties' legal arguments. *See Firstar Trust*, 188 Wis. 2d at 482-83 n.5, 525 N.W.2d at 58 n.5.

[12] All references to Wis. Stat., ch. 72, will be to the 1989-90 statutes unless otherwise indicated.

N.W.2d at 58. The court of appeals relied on its interpretation of Wis. Stat. §§ 72.62 and 72.21 to impose the estate tax burden on the Trust.[13]

Section 72.62 provides that the liability for the estate tax "is imposed upon the same persons in the same manner as under s. 72.21 . . . " Wis. Stat. § 72.21 of the 1989-90 Statutes is part of the subchapter imposing the former inheritance tax. The court of appeals relied on the following language from § 72.21 to support its decision: *"[E]ach personal representative, special administrator, and trustee of a trust in existence and containing property on the date of the decedent's death, is severally liable for the tax imposed by this subchapter . . . . "* (Emphasis added.)

The court of appeals reasoned that the Wisconsin estate tax, like the inheritance tax, must be apportioned among the recipients of the property, concluding that because the QTIP trust was in existence and contained property on the date of Dorothy Cooney's death, the "plain meaning of this section [§ 72.21] imposes tax liability on the trustee of the trust." *Firstar Trust*, 188 Wis. 2d at 484, 525 N.W.2d at 59. We disagree with this interpretation.

The Trust argues that the court of appeals construction of Wis. Stat. §§ 72.21 and 72.62 fails to recognize the distinction between who is legally responsible for collecting and remitting the state estate

---

[13] Effective January 1, 1992, the sections in Chapter 72 were renumbered, after the elimination of the inheritance tax. Chapter 72 now only imposes an estate tax. Section 72.62 of the 1989-90 Statutes, which provided a cross-reference to § 72.21 has been eliminated. Section 72.21 of the 1989-90 Statutes, regarding personal liability for the tax, has been retained in § 72.21 in the current statutes, with slight modifications. The language in § 72.21 relevant to this appeal has been retained.

tax, and who is ultimately liable for paying the state estate tax. The trustee, as charged with "several liability" for the tax in Wis. Stat. § 72.21, serves only a fiduciary role under this section to ensure that the tax is paid. The Trust maintains that § 72.21 does not deal with the relative apportionment of the tax burden.

The Estate, on the other hand, argues that Wis. Stat. § 72.62 imposes liability for the Wisconsin estate tax "on the same person and in the same manner as Wis. Stat. § 72.21." The Estate claims that given the fact that the estate tax statute explicitly adopted the inheritance tax statute's collection, accounting, liability, lien rules, time for payment, and interest provisions, those cases which discuss liability for the inheritance tax are relevant for determining the liability for the estate tax. *See* Wis. Stat. §§ 72.61-72.63. According to the Estate, application of the inheritance tax cases confirms the appellate court's conclusion that the ultimate liability for the Wisconsin estate taxes should fall on the Trust beneficiaries.

Our decision in *Estate of Cullen*, 231 Wis. 292, 285 N.W. 759 (1939) supports the Trust's contention that Wis. Stat. § 72.21(1) was intended to serve a limited purpose. In *Cullen*, we noted the following with respect to Wis. Stat. § 72.05(1) (1939), the predecessor to § 72.21(1): *"[T]he statute merely indicates what persons are initially liable, and is not controlling on the question as to where the tax shall finally rest. It makes provision for personal liability in order to protect the state and to insure collection of the tax." Id.* at 300, 285 N.W. at 763 (emphasis added).

We find that the Trust's argument that the legislature clearly intended there to be a fiduciary chargeable with personal responsibility for seeing that the applicable death tax is paid and not with apportioning the

burden of the estate tax is supported by reference to our interpretation of Wis. Stat. § 72.05(1) (1939) in *Cullen*. Since the allocation of the estate tax is not explicitly mandated in the statute, we resort to case law to determine what party will bear this tax burden.

The fundamental differences between the estate tax and the former inheritance tax are reflected in the manner in which the tax burden is directed. Unlike an estate tax, which is a tax upon the right to transfer property, the inheritance tax was a tax upon the right to receive property from a decedent. *Bauknecht*, 49 Wis. 2d at 395-96, 182 N.W.2d at 240; *Joas*, 16 Wis. 2d at 492, 114 N.W.2d at 833; *see generally* 2 James B. MacDonald, *Wisconsin Probate Law and Practice*, § 14.2, at 190-92 (1988) (contrasting the respective theories underlying the Wisconsin inheritance tax and the Wisconsin estate tax). In construing the former inheritance tax statute, this court concluded that Wisconsin law has placed the burden of payment of the inheritance tax upon the beneficiary of the property. *Cullen*, 231 Wis. at 301, 285 N.W. at 763; *Joas*, 16 Wis. 2d at 491-92, 114 N.W.2d at 833; *Bauknecht*, 49 Wis. 2d at 395-96, 182 N.W.2d at 240. To the contrary, the handling of the estate tax burden differs significantly. Our decision in *Will of Uihlein*, 264 Wis. 362, 376, 59 N.W.2d 641, 648 (1953) and *Will of Kootz*, 228 Wis. 306, 307, 280 N.W. 672 (1938) has established that Wisconsin follows the common law burden-on-the-residue rule for purposes of estate taxes.

Relying upon the language provided in *Will of Uihlein* and *Will of Kootz*, this court held in *Joas* that: "[i]n Wisconsin the law has placed the burden of paying the federal estate tax on [non-testamentary property] on the residuum of the probate estate." *Joas*, 16 Wis. 2d

at 492, 114 N.W.2d at 833.[14] These fundamental principles have remained constant throughout our case law, and we have cautioned against judicially legislated changes.[15] The Wisconsin allocation of the burden of the two, distinct death taxes is compatible with the common law of American jurisdictions. As stated by one reporter:

> Inheritance taxes, by virtue of their nature, generally can be and are easily collected by withholding the amount thereof from the distributive share of the beneficiary. But, as a general rule, in the absence of statutory provision and in the absence of testamentary directions to the contrary, the payment of estate taxes is made out of the residuary estate or the estate as a whole, with no apportionment . . . .

---

[14] *See generally* Carolyn B. Featheringill, *Estate Tax Apportionment and Nonprobate Assets: Picking The Right Pocket*, 21 CUMBERLAND L. REV. 1, 8 n.29 (1990) (including Wisconsin among the states that prescribes the burden of estate taxes on the residue of the decedent's estate).

[15] This court has consistently rejected the notion of judicially legislated estate tax apportionment rules. In *Will of Uihlein*, we stated:

> This court in *Will of Kootz* . . . rejected the theory that our court should invoke its equity powers to achieve an apportionment of federal estate taxes which would prevent inequities . . . We deem that it would be unwarranted judicial legislation for this court to attempt to apportion the impact of the federal estate tax.

*Will of Uihlein*, 264 Wis. at 374-76, 59 N.W.2d at 647-48; *see also Estate of Mouat v. Commissioner*, 23 T.C.M. (CCH) 1717 (1964) (noting Wisconsin Supreme Court decisions rejecting the adoption of equitable apportionment rules in the absence of legislative action).

As a result of the common law rule described above, the payment of estate taxes, in the absence of a testamentary direction to the contrary, results in the reduction of the residuary estate and sometimes in its extinction. Because it is generally the decedent's nearest relatives who are the residuary legatees, it is they who bear the burden of the tax and thus suffer a hardship not necessarily intended or anticipated by the decedent.

*5 Inheritance Estate and Gift Tax Rep.* (CCH) ¶ 2030C (citations omitted). Although some states have altered the burden-on-the-residue rule by statutory or judicially-created apportionment rules, Wisconsin is among the states that have not done so. *See* discussion, *supra*, n.4.

In the present case, although the burden-on-the-residue rule is avoided by a reimbursement right at the federal level under 26 U.S.C. § 2207A(a)(1), it remains intact at the state level.[16] The QTIP marital trust assets are includable in Dorothy Cooney's gross estate by virtue of § 72.61 for state estate tax purposes, absent a testamentary indication to the contrary. The state tax issue presents essentially the same question as we discussed above: Does the pay-all-taxes clause in Dorothy Cooney's will exhibit a clear testamentary intent to shift an established tax burden? We have previously held that such a clause is incapable of shifting any established tax burden from where the law has placed it, and conclude that absent an express inten-

---

[16] The Wisconsin statutes do not contain any reimbursement provisions with respect to the Wisconsin estate tax which are analogous to the federal estate tax reimbursement provisions under 26 U.S.C. §§ 2206, 2207, 2207A or 2207B.

tion to reimburse the Estate for Wisconsin estate taxes, the burden cannot be shifted in this case to the Trust.

It is our intention to preserve finality and maintain consistency in the interpretation and application of testamentary tax clause provisions. Thus, because Wisconsin adheres to the rule that payment of the estate tax is to be borne by the decedent's probate estate, and Dorothy Cooney's will has not shifted that burden, it necessarily follows that the burden shall remain on the Estate in this case. We therefore hold that the Estate is not entitled to reimbursement from the Trust for the Wisconsin estate taxes paid, and reverse the court of appeals on this issue.

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part.